JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
LASHON HARRIS (CA Bar No. 257578)
lharris@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
EMC MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN & TAMIKA BRIDGEWATER,<br><br>Plaintiffs,<br><br>v.<br><br>EMC MORTGAGE CORPORATION and CAL-WESTERN RECONVEYANCE CORP.,<br><br>Defendants. | **CASE NO.: CV10-05945-PSG-MANx**<br><br>**JUDGE:**   Hon. Philip S. Gutierrez<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:**   November 1, 2010<br>**TIME:**   1:30 p.m.<br>**DEPT:**   "880"<br><br>**Action Filed:**   August 10, 2010 |

## TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 1, 2010 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom "880" of the above-entitled court, located at Western Division, 255 E. Temple Street., Los Angeles, California, defendant EMC Mortgage Corporation ("EMC" or "Defendant") will move the court to dismiss the "Original Petition" (hereinafter referred to as "Complaint") of plaintiffs

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Sean & Tamika Bridgewater (collectively "Plaintiffs") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 12(e) on the following grounds:

Specifically, Defendants will move the Court as follows:

1.     The entirety of the Complaint is vague and unintelligible pursuant to FRCP 12(e);

2.     Plaintiffs' first claim for "Breach of Fiduciary Duty" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

3.     Plaintiffs' second claim for "Negligence/Negligence Per Se" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

4.     Plaintiffs' third claim for "Common Law Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

5.     Plaintiffs' fourth claim for  "Breach of the Implied Covenant of Good Faith and Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

6.     Plaintiffs' fifth claim for "Violation of the Truth in Lending Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7.     Plaintiffs' sixth claim for "Intentional Infliction of Emotional Distress" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and the pleadings and papers filed.

///

///

///

MOTION TO DISMISS COMPLAINT

1148274.2

1    Counsel for Defendant met and conferred with Plaintiffs by written

2  correspondence regarding the grounds for this Motion to Dismiss.  Thus, Defendant

3  has satisfied the requirements of Local Rule 7-3.  *See*, Local Rule 7-3.

4

5  DATED:  September 14, 2010          ADORNO YOSS ALVARADO & SMITH
                                      A Professional Corporation
6
                                      By:  /s/  S. Christoopher Yoo
7                                         JOHN M. SORICH
                                          S. CHRISTOPHER YOO
8                                         LASHON HARRIS
                                          Attorneys for Defendant
9                                         EMC MORTGAGE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3

1148274.2

# **TABLE OF CONTENTS**

Page

I.     SUMMARY OF ARGUMENT.................................................................1

II.    SUMMARY OF RELEVANT FACTS.................................................1

III.   THE CLAIM FOR BREACH OF FIDUCIARY DUTY FAILS ...................2

IV.    THE CLAIM FOR NEGLIGENCE/NEGLIGENCE PER SE FAILS...........3

    A.    Plaintiffs Cannot State A Claim For Negligence Against EMC...........3

    B.    Plaintiffs Cannot State A Claim For Negligence Per Se Against EMC ..........................................................................................4

V.     THE CLAIM FOR FRAUD FAILS .....................................................6

    A.    Plaintiffs' Claim Is Time-Barred.................................................6

    B.    Plaintiffs Fail to Allege Facts with the Required Specificity...............6

VI.    THE CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS ......................................8

VII.   THE CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT FAILS ...........................................................................................10

    A.    As A Matter of Law, Plaintiff Cannot State a Claim against EMC Because It is Not Liable Under TILA .....................................10

    Here, EMC was not the originating lender of the Loan. *See,* RJN, Exhibit 1. Nor is there any indication that EMC is the assignee beneficiary of the same. *See,* RJN, Exhibits 1-4; *see also,* Complaint. EMC is, at best, merely the loan servicer. Thus, EMC is not the lender or assignee in connection with either the subject loans, and thus is not a proper party to a TILA action. *See Chow, supra.* ............................10

    B.    Plaintiffs' Claim For TILA Damages Is Barred By The Statute Of Limitations..................................................................11

    C.    Plaintiffs Are Not Entitled To Rescission Because the Claim Is Time-Barred ......................................................................11

    D.    No Facts To Establish Equitable Tolling Applies..............................12

VIII.  THE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS...........................................................................12

IX.    THE COMPLAINT IS VAGUE AND UNCERTAIN, AND THEREFORE, PLAINTIFF MUST PROVIDE MORE DEFINITE STATEMENT UNDER RULE 12(e)................................................14

X.     CONCLUSION.................................................................................15

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

---

i

1148274.2

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Ach v. Finkelstein,*
   264 Cal.App.2d 667, 674 (1968)..............................................................6

*Bills v. BNC Mortg., Inc.,*
   502 F.Supp.2d 773 (N.D.Ill.,2007) .......................................................10

*Brodo v. Bankers Trust Co.,*
   847 F.Supp. 353, 359 (E.D.Pa., 1994) ...................................................10

*Careau & Co. v. Security Pacific Business Credit,*
   222 Cal.App.3d 1371, 1395 (1990)..........................................................8

*Cellars v. Pacific Coast Packaging, Inc.,*
   189 FRD 575, 578 (ND CA 1999) .........................................................14

*Chow v. Aegis Mortg. Corp.,*
   286 F.Supp.2d 956, 959 (N.D. Ill. 2003). ..............................................10

*Christensen v. Superior Court,*
   (1991) 54 Cal.3d 868, 903 (1991) ..........................................................13

*Committee on Children's Television, Inc. v. General Foods Corp.*
   35 Cal.3d at 216 (1983).............................................................................7

*Davidson v. City of Westminster,*
   32 Cal.3d 197, 209 (1982).......................................................................13

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
   525 F.Supp. 940, 949 (E.D. CA 1981)....................................................14

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler,*
   210 F.3d 983, 987 (9th Cir. 2000).............................................................4

*Hill Trans. Co. v. Southwest Forest Industries Inc.*
   266 Cal.App.2d 702, 707 (1968).........................................................6, 7

*Hobart v. Hobart Estate Co.,*
   26 Cal. 2d 412, 437 (1945)........................................................................6

*Hoyem v. Manhattan Beach City School District,*
   22 Cal.3d 508, 514 (1978).........................................................................3

*In Re GlenFed Inc. Securities Litigation,* ("*GlenFed*")
   42 F.3d 1541, 1547 (1994).........................................................................7

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ii

1

2

## **TABLE OF AUTHORITIES**

3

4
Page

5

6
*In re VeriFone Securities Litigation,*
   11 F.3d 865, 868 (9th Cir.1993).................................................................14

7
*Johnson v. Honeywell Intern. Inc.,*
   179 Cal.App.4th 549, 555 (2d. Dist. 2009) ............................................5

8

9
*Kay v. Wells Fargo & Co.,*
   247 F.R.D. 572, 577 ( N.D.Cal. 2007) ....................................................12

10
*King v. Atiyeh,*
   814 F.2d 565,567 (9th Cir. 1987)..............................................................14

11

12
*King v. Cal.,*
   784 F.2d 910, 915 (9th Cir. 1986).............................................................12

13
*KORV-TV, Inc. v. Sup. Ct.,*
   31 Cal.App.4th 1023, 1028, (1995).........................................................13

14

15
*Kruse v. Bank of America,*
   202 Cal.App.3d 38, 67(1988)....................................................................13

16
*Lua v. Southern Pacific Transportation Co.,*
   6 Cal.App.4th 1897, 1902 (1992)...............................................................5

17

18
*Marks v. Ocwen Loan Servicing, LLC,*
   2008 WL 344210, *6 (N.D. Cal. Feb. 6, 2008) .........................................4

19
*Meyer v. Ameriquest Mortgage Co.,*
   342 F.3d 899, 902 (9th Cir.2003)..............................................................12

20

21
*Millard v. Biosources, Inc.* 156 Cal.App.4th 1338, 1353 (2007) ................5

22
*Murray v. Fifth Third Bank,* Slip Copy,
   2007 WL 956916 (E.D.Mich., 2007)........................................................12

23
*Nymark v. Heart Federal Savings and Loan Assn.,*
   231 Cal.App.3d 1089, 1096 (1991)........................................................2, 3

24

25
*Peart v. Ferro*
   119 Cal.App.4th 60, 80 (2004)....................................................................5

26
*Price v. Wells Fargo Bank,*
   213 Cal.App.3d 465, 476 (1989),................................................................2

27

28
*Quiroz v. Seventh Ave. Center*
   140 Cal. App. 4th 1256, 1285 ......................................................................5

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

iii

1148274.2

1
2
## **TABLE OF AUTHORITIES**
3
4                                                                                    <u>Page</u>

5
6    *Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
     11 Cal.App.4th 1026, at 1034 (1992)..................................................................9
7    *Ricard v. Pacific Indemnity Co.,*
     132 Cal.App.3d 886, 894 (1982)......................................................................13
8
9    *Smith v. San Francisco,*
     225 Cal.App.3d 38, 49 (1990)............................................................................9
10   *Spates v. Dameron Hosp. Assn.,*
     114 Cal.App.4th 208, 218 (2003)......................................................................5
11
12   *Stansfield v. Starkey,*
     220 Cal.App.3d 59, 73 (1990)........................................................................6, 7
13   *Tarmann v. State Farm Mutual Auto Insurance Co.,*
     2 Cal.App.4th 153, 157 (Cal.App.6.Dist. 1991). .............................................7, 8
14
15   *Trerice v. Blue Cross of California,*
     209 Cal.App.3d 878, 883 (1989).....................................................................13
16   *Tucker v. Beneficial Mortg. Co.,*
     437 F.Supp.2d 584, 589 (E.D.Va. 2006).........................................................11
17
18   *Wagner v. Benson,*
     101 Cal.App.3d 27, 35 (1980)...........................................................................4
19   *Western Mining Council v. Watt,*
     643 F.2d 618, 624 (9th Cir.1981).....................................................................15
20

21
22   **Statutes**

     15 U.S.C. § 1602...............................................................................................10
23
24   15 U.S.C. § 1635(f)...........................................................................................12

25   15 U.S.C. § 1640...............................................................................................10

26   15 U.S.C. § 1640(e)...........................................................................................11

27   15 U.S.C. § 1641...............................................................................................10

28   Cal. Civ. Proc. § 335.........................................................................................6

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

MOTION TO DISMISS SECOND AMENDED COMPLAINT
1148274.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# TABLE OF AUTHORITIES

<u>Page</u>

Cal. Civ. Proc. § 338(d) ................................................................6

Cal. Evi. Code § 669 ....................................................................5

**Rules**

FRCP Rule 9(b)...........................................................................7

FRCP Rule 8 .............................................................................15

FRCP Rule 12(e) ........................................................................14

**Treatises**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997)....................6

Witkin, California Procedure, Pleadings § 537, pg. 624 (4th ed. 1997)........................3

**Other Authorities**

CACI Jury Instruction No. 325 (2008 ed.). ...................................................8

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant EMC Mortgage Corporation ("EMC" or "Defendant") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the "Original Petition" (hereinafter referred to as "Complaint") of plaintiffs Sean & Tamika Bridgewater (collectively "Plaintiffs")

## I.   SUMMARY OF ARGUMENT

Preliminarily, the Complaint filed by Plaintiffs is uncertain. Amongst the litany of recitations to case and statutory law, Plaintiffs include random headings suggesting the assertion of the cause of action, however, Plaintiffs fail to set forth any facts in support thereof. To further compound the uncertainty, it is not until page twenty-five (25) of the Complaint that Plaintiffs purport to delineate certain causes of action (under the header "CAUSES OF ACTION"). Thus, Plaintiffs' Complaint is uncertain and a more definite statement is warranted.

Moreover, even assuming that the causes of action asserted commence on page twenty-five (25) of the Complaint, Plaintiffs fail to state facts sufficient to constitute a cause of action for: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act; and (6) intentional infliction of emotional distress. Indeed, other than mere conclusory allegations, Plaintiffs have set forth absolutely no facts to support these claims. Accordingly, as discussed herein, Plaintiffs' claims are subject to dismissal without leave to amend.

## II.   SUMMARY OF RELEVANT FACTS

- The real property that is the subject of this action is commonly known as 3445 Countrywalk Court, Simi Valley, California ("Subject Property"). *See,* Complaint, 1:16-17.

- Plaintiffs obtained a mortgage loan in the principal sum of $756,000.00 from Realty Mortgage LLC ("Loan"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that recorded with Ventura

1

1148274.2

County Official Records on or around January 10, 2007 as instrument number 20070110-00006982-0. *See,* Request for Judicial Notice ("RJN"), Exhibit 1.

- A Notice of Default ("NOD") was recorded in connection with the DOT on or around April 24, 2009 with the Ventura County Official Records as instrument number 20090424-00065183-0. *See,* RJN, Exhibit 2. The NOD indicates that as of April 23, 2009, the sum in arrears on the Loan was $36,287.06. *Id.*

- A Substitution of Trustee ("Substitution") was recorded in connection with the DOT on or around June 17, 2009 with the Ventura County Official Records as instrument number 20090617-00100252-0. *See,* RJN, Exhibit 3. The Substitution indicates that Cal-Western Reconveyance Corporation was substituted as the new trustee under the DOT. *Id.*

- A Notice of Trustee's Sale ("NOTS") was recorded in connection with the DOT on or around July 28, 2009 with the Ventura County Official Records as instrument number 20090728-00126294-0. *See,* RJN, Exhibit 4.

## III.    **THE CLAIM FOR BREACH OF FIDUCIARY DUTY FAILS**

Plaintiffs' claims for breach of fiduciary duty fail on their face because Plaintiffs cannot allege that Defendant owed any duty to Plaintiff. *See*, Complaint, PP.25-26. "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . ." *Nymark v. Heart Federal Savings and Loan Assn.,* 231 Cal.App.3d 1089, 1096 (1991).

Further, in *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989), the Plaintiffs sought to assert various causes of action against a lender, including a cause of action for tortious breach of good faith and fair dealing. The Court, however, held that the tort claim failed because the bank did not owe any fiduciary duty to the plaintiffs:

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2

1148274.2

"It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor.' (citation omitted). 'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' (citation omitted). *The same principle should apply with even greater clarity to the relationship between a bank and its loan customers*." (Emphasis added).

Here, in support of this claim, Plaintiffs merely allege that "Defendants Agent, appraiser, trustee, Lender et al., and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions[.]" *See,* Complaint, 25:18-20. However, as is set forth above, the relationship between a bank and a lender does not rise to the level of a fiduciary relationship. Plaintiffs set forth absolutely no facts as to the relationship between Plaintiffs and EMC that would even warrant the existence of a fiduciary relationship. Indeed, EMC was not the lender and has no recorded interest in the Subject Property. Thus, even assuming EMC were the lender of the subject loan, as a matter of law, Defendant has no fiduciary relationship with Plaintiffs that would otherwise give rise to liability. *See, Nymark, supra*, 231 Cal.App.3d at 1096 (1991). Consequently, the claim fails and is subject to dismissal without leave to amend.

## IV.   THE CLAIM FOR NEGLIGENCE/NEGLIGENCE PER SE FAILS

### A.   Plaintiffs Cannot State A Claim For Negligence Against EMC

An action for negligence must allege (1) defendant's <u>legal duty of care</u> toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiffs as a result of the breach- proximate or legal cause; and (4) damage to plaintiff. *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508, 514 (1978); Witkin, <u>California Procedure</u>, Pleadings § 537, pg. 624 (4th ed. 1997).

The elements of a cause of action for negligence include the existence of a legal duty to exercise reasonable care. See, e.g., *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence.") The "question of the existence of a legal duty of care ... presents a question of law which is

1148274.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy,*

2    *Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

3           "[A]s a general rule, a financial institution owes no duty of care to a borrower

4    when the institution's involvement in the loan transaction does not exceed the scope

5    of its conventional rule as a mere lender of money." *Nymark*, 231 Cal. App. 3d at

6    1096; *cf. Marks v. Ocwen Loan Servicin*g, LLC, 2008 WL 344210, *6 (N.D. Cal. Feb.

7    6, 2008) (dismissing negligence based claims for failing to allege facts establishing

8    that defendant owed plaintiff a duty).

9           Plaintiffs' claim for negligence fails for one simple reason:  Defendant does

10   not owe Plaintiffs a legal duty of care.  Indeed, Plaintiffs allege that "Defendants" had

11   a duty to "refrain from marketing lans they knew or should have known that

12   borrowers could not afford[.]"  *See,* Complaint, 26:10-12.  However, not only does

13   such allege conduct arises from the loan transaction itself, a lender "owes no duty of

14   care to the [borrowers] in approving their loan. Liability to a borrower for negligence

15   arises only when the lender 'actively participates' in the financed enterprise 'beyond

16   the domain of the usual money lender.'"  *Wagner v. Benson*, 101 Cal.App.3d 27, 35

17   (1980) (citations omitted).  "Public policy does not impose upon the Bank absolute

18   liability for the hardships which may befall the [borrower] it finances." *Wagner*, 101

19   Cal.App.3d at 34. The success of a borrower's investment "is not a benefit of the loan

20   agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal.App.3d at 34

21   (lender lacked duty to disclose "any information it may have had").  In this case,

22   Plaintiffs simply fail to set forth any facts to establish that EMC, who was not the

23   Lender of the Loan owed Plaintiffs any duty of care relative to the origination of the

24   Loan. *See,* RJN, Exhibit 1.

25          Based on the foregoing, Plaintiffs' negligence claim fails

26          **B.    Plaintiffs Cannot State A Claim For Negligence Per Se Against EMC**

27          Plaintiffs also purport to assert a cause of action for negligence per se.

28   Apparently predicated on alleged violations of TILA, HOEPA and RESPA. *See,*

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    Complaint, 8-9.  However, such claim fails.  Preliminarily, "negligence per se" is not

2    a cause of action but an evidentiary presumption.[1]  *See, Johnson v. Honeywell Intern.*

3    *Inc.*, 179 Cal.App.4th 549, 555 (2d. Dist. 2009) (finding that the doctrine of

4    negligence per se is not a separate cause of action, but creates an evidentiary

5    presumption that affects the standard of care in a cause of action for negligence);

6    *Peart v. Ferro* 119 Cal.App.4th 60, 80 (2004) ("This statute … does not establish tort

7    liability.  Rather, it merely 'codifie[s]' the rule that 'a presumption of negligence arises

8    from the violation of a statute….'");  *Quiroz v. Seventh Ave. Center* 140 Cal. App. 4th

9    1256, 1285 ("negligence per se is not to state an independent cause of

10   action….")(2006).   Consequently, the claim fails on this ground.

11        Even assuming that negligence per se was a cause of action, Plaintiffs' claim

12   still fails. Section 669 of the *Evidence Code*, provides that the failure of a person to

13   exercise due care is only presumed if (1) he violated a statute, (2) the violation

14   proximately caused the injury, (3) the injury resulted from an occurrence of which the

15   statute was designed to prevent, and (4) the injured person was within the class of

16   persons for whose protection the statute was adopted.  *See, Peart v. Ferro*, 119

17   Cal.App.4th 60, 79 (2004); *Spates v. Dameron Hosp. Assn.*, 114 Cal.App.4th 208, 218

18   (2003); *Lua v. Southern Pacific Transportation Co.*, 6 Cal.App.4th 1897, 1902 (1992).

19        Here, Plaintiffs fail to allege facts to establish that EMC owed Plaintiffs a duty

20   of care based on the deficiently-pled negligence claim discussed above.  Absent a

21   threshold showing that Defendant owed Plaintiffs a duty of care, Plaintiffs' claim

22   fails.

---

[1] In other words, " '[t]he presumption of negligence created by Evidence Code section 669 concerns the <u>standard of care</u>, rather than the <u>duty of care</u>.' [Citation.] In order for the presumption to be available, 'either the courts or the Legislature must have created a duty of care.' [Citation.] '[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed.... "... <u>I]]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages.</u>" ' [Citation.]"   *Millard v. Biosources, Inc.* 156 Cal.App.4th 1338, 1353 (2007) (emphasis added).

1148274.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   Finally, Plaintiffs fail to demonstrate a violation of either TILA, HOEPA or

2   RESPA as further discussed herein.  Indeed, Plaintiffs fail to even set forth a cause of

3   action for RESPA violation.  *See,* Complaint.

4   ## V.   THE CLAIM FOR FRAUD FAILS

5   ### A.   Plaintiffs' Claim Is Time-Barred

6   The period prescribed for commencing actions for relief on the ground of fraud

7   is three years. Civ. Proc. §§ 335, 338(d).  The limitations period contained in *Code of*

8   *Civil Procedure* § 338(d) commences to run after one has knowledge of facts

9   sufficient to make a reasonably prudent person suspicious of fraud, thus putting that

10  person on inquiry.  *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 437 (1945).  Here,

11  Plaintiffs' claim is predicated on the contention that certain "representations" were

12  made at the time the Loan was originated.  *See,* Complaint, 5-12.  However, the Loan

13  was consummated in January of 2007.  *See,* RJN, Exhibit 1.  Therefore, the three year

14  statute of limitations for fraud relating to the loan origination expired in January of

15  2010. This action was not filed until August of 2010.   Accordingly, the claim is

16  barred.

17  ### B.   Plaintiffs Fail to Allege Facts with the Required Specificity

18  The elements for fraud/intentional misrepresentation are: 1) a false

19  representation of a material fact, 2) knowledge of the falsity (*scienter*), 3) intent to

20  induce another into relying on the representation, 4) reliance on the representation,

21  and 5) resulting damage.  *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5

22  Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

23  A plaintiff must plead a fraud claim *specifically* and not generally.  Specific

24  pleading requires facts that clearly allege every element of the fraud.  *Stansfield v.*

25  *Starkey,* 220 Cal.App.3d 59, 73 (1990).  The particularity requirement for fraud

26  mandates pleading facts that "show how, when, where, to whom, and by what means

27  the representations were tendered."  *Id.* at 73; *Hill Trans. Co. v. Southwest Forest*

28  *Industries Inc.* 266 Cal.App.2d 702, 707 (1968).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   The rationale for this strict pleading requirement is not to merely provide notice

2   to the defendant. "The idea seems to be that allegations of fraud involve a serious

3   attack on character, and fairness to the defendant demands that he should receive the

4   fullest possible details of the charge in order to prepare his defense . . . and the policy

5   of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a

6   pleading defective in any material respect." *Committee on Children's Television, Inc.*

7   *v. General Foods Corp*. 35 Cal.3d at 216 (1983).  Thus, each element of fraud must be

8   alleged factually and specifically.  *Tarmann v. State Farm Mutual Auto Insurance*

9   *Co.*, 2 Cal.App.4th 153, 157 (Cal.App.6.Dist. 1991).

10   In addition, to assert a fraud action against a corporation, a plaintiff must also

11   allege that names of the person or persons who allegedly made the fraudulent

12   representation, their authority to speak, to whom they spoke, what they said or wrote,

13   and when it was said or written. *Id.*

14   Additionally, Federal Rules of Civil Procedure ("FRCP") 9 has a specificity or

15   particularity requirement.  FRCP 9(b) states that "in all averments of fraud or mistake,

16   the circumstances constituting fraud or mistake shall be stated with particularity."

17   Thus, rule 9(b) serves to furnish defendant with notice, but also imposes the additional

18   obligation on plaintiff to "aver with particularity the circumstances constituting the

19   fraud." *In Re GlenFed Inc. Securities Litigation*, ("*GlenFed*") 42 F.3d 1541, 1547

20   (1994).  The *GlenFed* court interpreted 9(b) to require allegations not only the time,

21   place and content of the alleged misrepresentation, but also the circumstances

22   indicating false statements:

23   "[t]o allege fraud with particularity a plaintiff must set forth more
    than the mutual facts necessary to identify the transaction.  The
24   plaintiff must set forth what is false or misleading about a
    statement, and why it is false.  In other words, the plaintiff must
25   set forth an explanation as to why the statements or omissions
    complained are misleading."

26   Id. at 1547-48; see also *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Hill*

27   *Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968).

28   Plaintiffs' fraud claim is woefully deficient.  Plaintiffs merely refer to alleged

7

1148274.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

"representations", however, Plaintiffs do not set forth the actual "representations" made, who they were made by, when they were made, and the individual's authortity to speak on behalf of EMC. To the extent that Plaintiffs claim that "representations" were made during the course of the origination of the Loan, the recorded documents indicate that EMC was not the originating lender. *See,* RJN, Exhibit 1. As such, it is doubtful that EMC made any representation, let alone misrepresentation of material fact, in connection with the same.

Plaintiffs simply fail to satisfy the heightened pleading requirement to state a claim for fraud. The generalized allegations are insufficient pursuant to *Tarmann* and *Stansfield.* Accordingly, Plaintiffs' claim for fraud fails and the Motion must be granted without leave to amend.

## VI.   THE CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS

To establish a claim for "Breach of the Implied Covenant of Good Faith and Fair Dealing," a plaintiff must establish: (1) that the parties entered into a contract; (2) that plaintiff did all, or substantially all of the significant things that the contract required him/her to do or that he/she was excused from having to do those things; (3) that all conditions required for defendant's performance had occurred; (4) that defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (5) that plaintiff was harmed by defendant's conduct. *See* CACI Jury Instruction No. 325 (2008 ed.). If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, the cause of action for breach of implied covenant of good faith and fair dealing may be disregarded as superfluous as no additional claim is actually stated. *Careau & Co. v. Security Pacific Business Credit*, 222 Cal.App.3d 1371, 1395 (1990).

In addition, the implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, liability cannot be

extended to create obligations not contemplated by the contract. *See Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, at 1034 (1992).

Preliminarily, the prerequisite for any action for breach of this covenant is the <u>existence of a contractual relationship between the parties, because the covenant is an implied term in the contract</u>. *Smith v. San Francisco*, 225 Cal.App.3d 38, 49 (1990) (Emphasis added). "There is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, 1032 (Cal.App.4.Dist.1992). The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, liability cannot be extended to create obligations not contemplated by the contract. *Id.*

Plaintiffs' claim fails for one critical reason – there is no contract alleged between EMC and Plaintiffs. Indeed, as the recorded deeds of trust clearly indicate, EMC was not the originating lenders of the Loan. *See,* RJN, Exhibit 1. Because Plaintiffs fail to allege the existence of contract with EMC, Plaintiffs fail to satisfy a critical element of this claim.

Furthermore, the acts alleged pertain to events occurring prior to the consummation of the Loan. Plaintiffs allege that "Defendants" breached the covenant of good faith and fair dealing by allegedly not provided "proper disclosures", not "following proper underwriting standards", among others. *See,* Complaint, 29:1-5. Indeed, Plaintiffs fail to set forth any cognizable facts to establish: (1) what contract EMC interfered with and (2) the acts undertaken by EMC to interfere with any contract. Absent the pleading of all elements of this claim, the cause of action for breach of implied covenant of good faith and fair dealing fails.

Based on the foregoing, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails. Accordingly, it is subject to dismissal without leave to amend.

## VII.   THE CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT FAILS

### A.   As A Matter of Law, Plaintiff Cannot State a Claim against EMC Because It is Not Liable Under TILA

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor. 15 U.S.C. §§ 1640, 1641. Servicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

In *Chow*, the plaintiff brought an action for TILA violations against various parties, including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and argued that because it was only the servicer of the mortgage loan, not the owner, it could not be liable as an assignee. The Court, agreed and held that GMAC could not be held liable as an assignee for the alleged TILA violations. *See also, Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773 (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed claim).

Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994).

Under TILA a "creditor" is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and
>
> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. 15 U.S.C. § 1602.

Here, EMC was not the originating lender of the Loan. *See,* RJN, Exhibit 1. Nor is there any indication that EMC is the assignee beneficiary of the same. *See,* RJN, Exhibits 1-4; *see also,* Complaint. EMC is, at best, merely the loan servicer.

1    Thus, EMC is not the lender or assignee in connection with either the subject loans,

2    and thus is not a proper party to a TILA action.  *See Chow, supra.*

3        **B.**    **Plaintiffs' Claim For TILA Damages Is Barred By The Statute Of**

4        **Limitations**

5            Plaintiffs' damage claim under TILA is barred by the statute of limitations.

6    Civil penalties under TILA are subject to a one-year statute of limitations.  15 U.S.C.

7    § 1640(e).  Section 1640(e) states, in part:

8            "Any action under this section may be brought in any United
             States district court, or in any other court of competent

9            jurisdiction, within <u>one year from the date of the occurrence of
             the violation.</u>" (Emphasis added).

10           In *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.2d 584, 589 (E.D.Va. 2006), the

11   Court granted the defendant's motion for summary judgment of plaintiffs' count of

12   statutory damages, attorney costs and fees, and forfeiture of the tender because

13   plaintiffs filed their claim after the expiration of the TILA's one year statute of

14   limitations. The Court held that the one (1) year statute of limitations period applying

15   to claims for civil damages arising from TILA violations begins to run from the date

16   of the complained of violation.  If the violation is one of disclosure in a closed-end

17   credit transaction, the date of the occurrence of the violation is no later than the date

18   the plaintiff enters the loan agreement.

19           Here, the Loan was consummated in January of 2007.  *See* RJN, Exhibit 1.

20   Thus, any damage claim for violation of TILA on the basis of disclosure under the

21   Loan expired in January of 2008.  Nevertheless, Plaintiffs brought this action in

22   August of 2010, over two years after the one-year statute of limitations had expired.

23   Accordingly the claim is subject to dismissal without leave to amend.

24       **C.**    **Plaintiffs Are Not Entitled To Rescission Because the Claim Is Time-**

25       **Barred**

26           Likewise, to the extent that Plaintiffs seek to rescind the Loan, such claim is

27   also time-barred.  "Any claim for rescission must be brought within three years of

28

*ADORNO YOSS ALVARADO & SMITH*
*ATTORNEYS AT LAW*
*SANTA ANA*

consummation of the transaction or prior to the "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007).  Here, Plaintiffs' right to rescind the Loan has expired because more than three years have lapsed since consummation of the subject loan transaction.  The subject transaction occurred in January of 2007, but Plaintiffs brought this action in August of 2010, seven months after the 3-year statute of limitations had expired.  *See,* RJN, Exhibit 1.  Accordingly, any TILA claim that Plaintiff may have had is time-barred. 15 U.S.C. § 1635(f).

### D.   No Facts To Establish Equitable Tolling Applies

Plaintiffs fail to allege facts warranting equitable tolling. *See, King v. Cal.,* 784 F.2d 910, 915 (9th Cir. 1986)(limitations period in appropriate circumstances can be tolled until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).

Here, Plaintiffs allege no facts to implicate the doctrine of equitable tolling.  Indeed, "[e]quitable tolling may be applied if a plaintiff was unable to obtain vital information regarding the existence of a claim despite <u>due diligence</u>." *Kay v. Wells Fargo & Co.,* 247 F.R.D. 572, 577 ( N.D.Cal. 2007) (emphasis added); *see also, Meyer v. Ameriquest Mortgage Co.,* 342 F.3d 899, 902 (9th Cir.2003) [Plaintiffs were in full possession of all information relevant to the discovery of a TILA violation and civil damages claim on the day the loan papers were signed.].  The fact remains that Plaintiff has failed to set forth specific facts to warrant the application of equitable tolling.  Consequently, for the reasons discussed above, Plaintiffs' claim for TILA violations fails as they are time-barred.  Accordingly, the claim is subject to dismissal without leave to amend.

## VIII.   THE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS

The elements of the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, (1991) 54 Cal.3d 868, 903 (1991).

A claim for intentional infliction of emotion distress requires a showing of "outrageous" conduct which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). A plaintiff must plead and prove with great specificity acts that are "outrageous." Outrageous conduct has been defined as conduct so "<u>extreme as to exceed all bounds of that usually tolerated in a civilized community</u>." *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 886, 894 (1982) (emphasis added).  Conduct will be found to be actionable only where the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim, 'Outrageous!'" *KORV-TV, Inc. v. Sup. Ct.*, 31 Cal.App.4th 1023, 1028, (1995).

Here, Plaintiffs fail to plead <u>any</u> of the elements of the emotional distress claim. *Id.* Instead, the claim is predicated on mere conclusory allegations.  Plaintiffs do not set forth any allegations relative to the conduct of EMC that is purportedly outrageous. *See,* Complaint, 30:2-23.

Further, an assertion of legal rights in pursuit of one's own economic interests does not qualify as "outrageous" under this standard. *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883 (1989); *Kruse v. Bank of America*, 202 Cal.App.3d 38, 67(1988).   Foreclosure activities are simply in the pursuit of the economic interests in enforcing the security instrument encumbering the Subject Property. *See, Kruse v. Bank of America,* 202 Cal.App.3d at 67 (no claim for intentional infliction of emotional distress where lender simply attempted to collect debt due under security interest).  Thus, foreclosure proceedings against the Subject Property would not constitute "outrageous" conduct and cannot support an action for

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  intentional infliction of emotional distress.  Accordingly, the claim is subject to

2  dismissal without leave to amend.

3  **IX.   THE COMPLAINT IS VAGUE AND UNCERTAIN, AND THEREFORE,**

4  **PLAINTIFF MUST PROVIDE MORE DEFINITE STATEMENT**

5  **UNDER RULE 12(e)**

6  "That a plaintiff is proceeding in pro per does not render the rules of the Court

7  inapplicable." *King v. Atiyeh,* 814 F.2d 565,567 (9th Cir. 1987) (Pro per litigants must

8  follow the same procedural rules as represented parties).  Rule 12(e) of FRCP states in

9  relevant part:

10  "If a pleading to which a responsive pleading is permitted is so
    vague or ambiguous that a party cannot reasonably be required to
11  frame a responsive pleading, the party may move for a more
    definite statement before interposing a responsive pleading."

12  *See also, Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949

13  (E.D. CA 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA

14  1999).

15       The Complaint is vague and uncertain.  Here, the Complaint is vague and

16  uncertain.  The Complaint does not identify the specific claims being asserted.

17  Rather, the Complaint consists of a purported historical analysis of the real estate

18  industry and arguments relative to what Plaintiffs contend they can prove.  Although

19  there are sparse references to "fraud", "unfair business practices", "RESPA", and the

20  "Truth in Lending Act", the Complaint as plead is predicated on mere conclusory

21  allegations requiring EMC to surmise the actual claim being asserted against it.

22  Indeed, as mentioned above, the allegations in the Complaint are conclusory,

23  argumentative and dearth of any facts in support of any alleged violation. Conclusory

24  allegations of law and unwarranted inferences, though, are insufficient to defeat a

25  motion to dismiss.  *In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th

26  Cir.1993) (conclusory allegations and unwarranted inferences are insufficient to defeat

27  a motion to dismiss for failure to state a claim); *Western Mining Council v. Watt*, 643

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1148274.2

1   F.2d 618, 624 (9th Cir.1981), cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d

2   474 (1981) (the Court does not "necessarily assume the truth of legal conclusions

3   merely because they are cast in the form of factual allegations").  EMC is left to

4   surmise the legal basis and the claims asserted against it. As such, EMC is unable to

5   determine whether they must defend such claims.  Accordingly, and alternatively, at

6   minimum, Plaintiffs must provide a more definite statement.

7   Likewise, since the entire Complaint is riddled with mere recitation of statutory

8   language and contains no facts to establish that EMC engaged in any wrongdoing in

9   connection with the subject loan, Plaintiffs utterly fails to comply with FRCP Rule 8

10   which requires the pleader to provide a short and plain statement entitling the pleader

11   to relief.  Despite its breadth, the Complaint simply fails to meet this requirement.

## X.   CONCLUSION

13   Based on the foregoing, EMC respectfully requests that the Court enter an order

14   dismissing the Complaint as to all claim asserted against EMC without leave to

15   amend, or in the alternative, order Plaintiffs to provide a more definite statement.

16   DATED:  September 14, 2010          ADORNO YOSS ALVARADO & SMITH
                                         A Professional Corporation

18                                       By:  /s/ S. Christopher Yoo  _____

19                                          JOHN M. SORICH
20                                          S. CHRISTOPHER YOO
                                            LASHON HARRIS
21                                          Attorneys for Defendant
                                            EMC MORTGAGE CORPORATION

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1148274.2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

Sean Bridgewater et al v. EMC Mortgage Corp et al

U.S.D.C. Central District of California Case No.: 2:10-cv-05945-PSG -MAN

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

 **ON SEPTEMBER 14, 2010, I SERVED THE FOREGOING DOCUMENT DESCRIBED AS NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES ON THE INTERESTED PARTIES IN THIS ACTION.**

☒     by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒     **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐     **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐     **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope was deposited with delivery fees thereon fully prepaid.

☐     **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 14, 2010, at Santa Ana, California.

_____

MICHELLE E AULT

**SERVICE LIST**
Sean Bridgewater et al v. EMC Mortgage Corp et al
U.S.D.C. Central District of California Case No.: 2:10-cv-05945-PSG -MAN

Sean Bridgewater                    T 805-581-2408
Tamika Bridgewater
3445 Countrywalk Court              Plaintiffs in Pro Se
Simi Valley, CA 93065