Sean & Tamika Bridgewater
Address 3445 Country Walk Court
Simi Valley CA 93065
805-581-2408

FILED
10 SEP 20 PM 1:21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Sean & Tamika Bridgewater

Plaintiff,

vs.

EMC MORTGAGE CORPORATION

Defendant

Case # CV10-05945-PSG-MANx

**RESPONSE TO RULE 12 MOTION**

Date: 9/16/2010

(1) The Plaintiff, in the Original Petition, plead that Defendant charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as Exhibit 1. Plaintiff specifically plead that Defendant, at the time of settlement of the contract, Defendant failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement.

(2) Plaintiff stipulated each fee charged with particularity. Plaintiff calculated the precise amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as stipulated by the Truth In Lending Statement provided by Defendant (see Exhibit 2). Plaintiff specifically alleged that said fees were fraudulent. Plaintiff alleged that Defendant failed to provide full disclosure by failing to provide documentation to prove that the above fees were authorized by law, that the services alleged provided were necessary,

that the amount charged for each service was necessary, and that Defendant did not take an undisclosed markup on said fees.

(3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan broker, toward the perpetration of a carefully contrived connivance, provided the amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed yield spread premium. Said undisclosed yield spread premium is alleged to be in addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law. Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was a predicate act intended to improperly influence loan broker to misrepresent facts to Plaintiff, to give partial disclosure of those facts which would appear favorable to the intent of the loan broker, while failing to give full disclosure of other facts that would not seem favorable to the contract.

(4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore, Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's pleading, or, in the alternative, treat Defendant's pleading as a request for more definite statement, in which case, Plaintiff will provide a more definite statement as requested.

(5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings.

## PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY

(6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the

originator of the loan to breach his fiduciary duty to Plaintiff. By doing this, they committed common law fraud by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only qualified for a more expensive loan product than Plaintiff actually qualified for. Plaintiff is prepared to prove up said claims after discovery, at a trial on the merits.

(7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning the conditions of the loan which is the basis for the issuance of the security instrument and lien document at issue. Plaintiff is prepared to prove at trial, after complete discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would have caused Plaintiff to make a different decision than the one made.

(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure. Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said allegations are reiterated below with specificity. Plaintiff alleged that the original lender sold the security instrument immediately after closing, but failed to transfer the lien document to the purchaser of said security instrument. Plaintiff is prepared to prove, subsequent to discovery, that the lender, while still holding the security instrument, received consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS

Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, EMC MORTGAGE CORPORATION, and the attorneys claiming to represent same, have committed fraud by representing to the court that EMC MORTGAGE CORPORATION is as real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

### A. LENDER CHARGED FALSE FEES

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

(16) Below is a listing of the fees charged at settlement. Neither at settlement, nor at any other time did Lender or Trustee provide

documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---:|
| 807 Tax Service fee | $65.00 |
| 808 Loan Processing Fee | $1,250.00 |
| 809 Underwriting Fee | $840.00 |
| 810 Appraisal Review | $350.00 |
| 811 Wire Fee | $25.00 |
| 813 Flood Certification Fee | $18.00 |
| 1001 Insurance Impounds for 2 months @ $75.08per month | $150.16 |
| 1004 CountyProperty Taxes | $5,762.52 |
| 1008 Aggregate Adjustment | $1,150.18 |
| 1101 Settlement fee | $550.00 |
| 1105 Doc Prep Fees | $75.00 |
| 1107 ALTA Loan Policy | $100.00 |
| 1108 Title Insurance | $1,250.00 |
| 1111 Express Mail | $25.00 |
| 1201 Recording Fee | $90.00 |
| 1303 Notary Public | $200.00 |
| 1304 Doctor & Doctor Insurance Agency | $901.00 |

(17) Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws. Therefore it was demanded to please provide;

    a. a complete billing from each vendor who provided the above listed services;

    b. the complete contact information for each vendor who provided a billed service;

    c. clearly stipulate as to the specific service performed;

    d. a showing that said service was necessary;

    e. a showing that the cost of said service is reasonable;

    f. a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

(18) The above charges have been disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

(19) In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $124,675.68. This amount will be reduced by the amount of items above when said items are fully documented.

## B. RESPA PENALTIES

(20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

    a. Good Faith Estimate not within limits

    b. No HUD-1 Booklet

    c. Truth In Lending Statement not within limits compared to Note

    d. Truth in Lending Statement not timely presented

    e. HUD-1 not presented at least one day before closing

    f. No Holder Rule Notice in Note

    g. No 1st Payment Letter

        1. No signed and dated :

  2. Financial Privacy Act Disclosure;

  3. Equal Credit Reporting Act Disclosure;

  4. notice of right to receive appraisal report;

  5. servicing disclosure statement;

  6. borrower's Certification of Authorization;

  7. notice of credit score;

  8. RESPA servicing disclosure letter;

  9. loan discount fee disclosure;

  10. business insurance company arrangement disclosure;

  11. notice of right to rescind.

(21) The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance. And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

(22) Since the courts have held that the penalty for a violation of RESPA accrues at consummation of the note, borrower has calculated that, the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, of $297,419.73.

(23) If the violation penalty amounts for each of the unsupported fees listed above are included, the amount by which the borrower would be defrauded is $312,021.69

(24) Adding in RESPA penalties for all the unsupported settlement fees along with the TILA/Note variance, it appears that lender intended to defraud borrower in the amount of $734,117.10

## MORE DEFINITE STATEMENT

(26) Plaintiff is willing to prepare a more definite statement for the court. Subsequent to the filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is prepared to file a more definite statement with the court.

## CONCLUSION

(27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in making said claim, has failed to speak with candor with the court. Plaintiff moves the court for sanctions against counsel, which is included as a separate motion, and to deny counsel's motion to dismiss.

**Respectfully Submitted,**

_____        _____
**Sean Bridgewater**                                **Tamika Bridgewater**

| A. U.S. Department of Housing & Urban Development SETTLEMENT STATEMENT | | B. TYPE OF LOAN | | OMB No. 2502-0265 |
|---|---|---|---|---|
| **Fidelity National Title Company** **FINAL HUD-1** | | 1. [ ] FHA   2. [ ] FmHA   3. [ ] Conv. Unins. 4. [ ] VA   5. [ ] Conv. Ins | | |
| | | 6. Escrow Number: 78495-BC | 7. Loan Number: 7531028262 | |
| | | 8. Mortgage Insurance Number: | | |

NOTE: THIS FORM IS FURNISHED TO GIVE YOU A STATEMENT OF THE ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P.O.C.)" WERE PAID OUTSIDE OF THE CLOSING, THEY ARE SHOWN HERE FOR INFORMATIONAL PURPOSES AND ARE NOT INCLUDED IN THE TOTALS.

| D. Name of Borrower: Sean Bridgewater and Tamika Bridgewater 3445 Country Walk Court Simi Valley, CA 93065 | E. Name of Seller: | F. Name of Lender: Realty Mortgage, LLC 2901 Douglas Blvd. Roseville, CA 95661 |
|---|---|---|
| G. Property Location: 3445 Country Walk Court Simi Valley, CA 93065 | H. Settlement Agent: Fidelity National Title Company Place of Settlement: 5060 Sepulveda Boulevard First Floor Van Nuys, CA 91411 | I. Settlement Date: 01/09/07 |

| J. SUMMARY OF BORROWER'S TRANSACTIONS | | K. SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 11,551.50 | 403. | |
| 104. Payoff To National City Mortgage | 741,813.61 | 404. | |
| 105. Payoff To HomeComings Financial | 186,113.42 | 405. | |
| Adjustments: Items Paid by Seller in Advance | | Adjustments: Items Paid by Seller in Advance | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| 117. | | 417. | |
| 118. | | 418. | |
| 120. Gross Amount Due From Borrower | 939,478.53 | 420. Gross Amount Due To Seller | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess deposit (see inst.) | |
| 202. Principal Amount of New Loan(s) | 756,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. 2nd New Loan | 186,000.00 | 504. | |
| 205. Int @163.11 /day 01/05/07 to 01/01/07 | 652.44 | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments: Items Unpaid by Seller | | Adjustments: Items Unpaid by Seller | |
| 210. City/Town taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 942,652.44 | 520. Total Reductions in Amount Due Seller | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
| 301. Gross amount due from borrower (line 120) | 939,478.53 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 942,652.44 | 602. Less reduction in amount due seller (ln 520) | |
| 303. CASH ( FROM) (XX TO) BORROWER | 3,173.91 | 603. CASH ( FROM) ( TO) SELLER | |

Page 1

EXHIBIT 1

## L. SETTLEMENT STATEMENT

Escrow: 78495-BC

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | | |
| Division of Commission (line 700) as follows: | | |
| 701. | | |
| 702. | | |
| 703. | | |
| 704. | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee | | |
| 802. Loan Discount | | |
| 803. Appraisal Fee (POC) $400.00 | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Fee | | |
| 807. Tax Service Fee Realty Mortgage, LLC | 65.00 | |
| 808. Loan Processing Fee WTL Financial, Inc. | 1,250.00 | |
| 809. Underwriting Fee Realty Mortgage, LLC | 840.00 | |
| 810. Appraisal Review Realty Mortgage, LLC | 350.00 | |
| 811. Wire Fee Realty Mortgage, LLC | 25.00 | |
| 812. Yield Spread Premium (POC)$7560.00 to WTL Financial, Inc. | | |
| 813. Flood Certification Fee Realty Mortgage, LLC | 18.00 | |
| 814. Other Charges - See Attached | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Int at 0.0000% / / to / / | | |
| 902. Mortgage Insurance Premium | | |
| 903. | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | |
| 1001. Insurance Impounds for 2 months @ $75.08 per month to Realty Mortgage, LLC | 150.16 | |
| 1002. Mortgage Insurance  months @ $  per month | | |
| 1003. City property taxes  months @ $  per month | | |
| 1004. Tax Impounds for 6 months @ $960.42 per month to Realty Mortgage, LLC | 5,762.52 | |
| 1005. Annual assessments  months @ $  per month | | |
| 1006. | | |
| 1007 | | |
| 1008. Aggregate Adjustment to Realty Mortgage, LLC | (150.16) | |
| **1100. ESCROW AND TITLE CHARGES** | | |
| 1101. Settlement or closing fee to  Fidelity National Title Company | 550.00 | |
| 1102. Abstract or Title Search | | |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Doc Prep Fees | 75.00 | |
| 1106. Notary fees | | |
| 1107. ALTA Loan Policy (10-17-92) w/Form 1 Cov. for 185,000.00 Fidelity National Title Company | 100.00 | |
| 1108. Title Insurance  Fidelity National Title Company | 1,260.00 | |
| 1109. Lender's coverage - ALTA Loan Policy (10-17-92) w/Form 1 Cov. $755,000.00 @ $1,260.00 | | |
| 1110. Owner's coverage $0.00 @ $0.00 | | |
| 1111. Express Mail | 25.00 | |
| 1112. | | |
| 1113. | | |
| 1114. | | |
| 1115. | | |
| 1116. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees: Deed $ 0.00  Mortgage $90.00  Releases $0.00 | 90.00 | |
| 1202. City/County tax/stamps $ 0.00 Mortgage $ | | |
| 1203. State Tax/stamps: Deed $ 0.00  Mortgage $ | | |
| 1204. Recording 2nd Deed of Trust | 50.00 | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey | | |
| 1302. Pest Inspection to | | |
| 1303. Juddie Car, Notary Public | 200.00 | |
| 1304. Doctor & Doctor Insurance Agency | 901.00 | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |
| 1309. | | |
| 1310. | | |
| 1311. | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | 11,551.50 | |



I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL

Page 2

Exhibit 1

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Creditor: REALTY MORTGAGE, LLC  
2901 DOUGLAS BOULEVARD, SUITE 205  
ROSEVILLE, CALIFORNIA 95661 (916) 789-1110

Date: 12-27-06  
Loan No.: 7531028252  
Loan Amount: 756,000.00  
Interest Rate: 4.875

Borrower(s):  
SEAN BRIDGEWATER AND TAMIKA BRIDGEWATER

Property Address:  
3445 COUNTRYWALK COURT; SIMI VALLEY, CALIFORNIA 93065-  
Mailing address: 3445 COUNTRYWALK COURT; SIMI VALLEY, CA 93065

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.761 % | $ 1,481,789.59 | $ 752,437.67 | $ 2,234,227.26 |

Your payment schedule (not including reserve deposits for taxes and property insurance premiums) will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 50 | $ 3,071.25 | FEBRUARY 01, 2007 | | $ | |
| 10 | $ 5,692.44 | APRIL 01, 2011 | | $ | |
| 60 | $ 5,511.73 | FEBRUARY 01, 2012 | | $ | |
| 239 | $ 7,054.33 | FEBRUARY 01, 2017 | | $ | |
| 1 | $ 7,051.69 | JANUARY 01, 2037 | | $ | |
| | $ | | | $ | |

Demand Feature: This obligation ( ) has a demand feature   ( XX ) has no demand feature.  
Variable Feature: This obligation ( XX ) has a variable rate feature   ( ) has no variable rate feature.  
If this loan contains a variable rate feature, disclosure about the variable rate feature have been provided to you earlier. Please refer to your Adjustable Rate Mortgage Disclosure for additional information regarding interest rate and payment changes.

Security: You are giving a security interest in the property located at:  
3445 COUNTRYWALK COURT; SIMI VALLEY, CALIFORNIA 93065-  
Late Charge: If the payment is more than 15 days late, you will be charged 5.000 % of the payment of principal and interest.  
Prepayment: If you pay off early, you  
( XX ) may   ( ) will not   have to pay a penalty.  
( ) may   ( XX ) will not   be entitled to a refund of part of the finance charge.  
Insurance: You may obtain property insurance from anyone you want that is acceptable to the Creditor.  
Credit life and credit disability insurance ( ) are   ( XX ) are not   required to obtain credit.  
Assumption: Someone buying your home ( ) may not   ( ) may   ( XX ) may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.  
Filing Fees: $ N/A

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds, penalties, security interest and the policy of the Creditor regarding assumption of the mortgage.  
E - MEANS AN ESTIMATE

I (We) hereby acknowledge receiving and reading a completed copy of the disclosures made in this notice.

_____ 1/1/2007   _____ 1/1/2007  
Borrower                            Date   Borrower                            Date  
SEAN BRIDGEWATER                          TAMIKA BRIDGEWATER

_____ _____   _____ _____  
Borrower                            Date   Borrower                            Date

DOCPREP SERVICES INC. FORM - TIL-0019                    ORIGINAL

# VERIFICATION

We, Sean & Tamika Bridgewater, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Sean & Tamika Bridgewater
Address 3445 Country Walk Court
Simi Valley, CA 93065

_____    _____
**Sean Bridgewater**              **Tamika Bridgewater**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Ventura__

On __9-18-10__ before me, __T. Friedman, Notary__,
      Date                                   Here Insert Name and Title of the Officer

personally appeared __Sean Bridgewater__
                              Name(s) of Signer(s)
__Tamika Bridgewater__,

[Notary Seal: T. FRIEDMAN, Commission # 1812073, Notary Public - California, Ventura County, My Comm. Expires Sep 5, 2012]

Place Notary Seal Above

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                        Signature of Notary Public

---

— **OPTIONAL** —

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# CERTIFICATE OF SERVICE

We, Sean & Tamika Bridgewater, do swear and affirm that we have served a signed copy of this Response to Rule 12 motion & Motion For Sanctions to any and all defendants by way of U.S.P.S. Certified mail #70093410000135299427 and return receipt and regular mail, and lOn the 18th day of September, 2010.

**Sean Bridgewater**         **Tamika Bridgewater**
Address 3445 Country Walk Court
Simi Valley  CA93065

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_

On _9-18-10_ before me, _T. Friedman, Notary_,
Date                    Here Insert Name and Title of the Officer

personally appeared _Sean Bridgewater_
_Tamika Bridgewater_,
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Signature of Notary Public

Place Notary Seal Above

[Notary Seal: T. FRIEDMAN, Commission # 1812073, Notary Public - California, Ventura County, My Comm. Expires Sep 5, 2012]

——— OPTIONAL ———

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827