JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
LASHON HARRIS (CA Bar No. 257578)
lharris@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
EMC MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN & TAMIKA BRIDGEWATER,<br><br>Plaintiffs,<br><br>v.<br><br>EMC MORTGAGE CORPORATION and CAL-WESTERN RECONVEYANCE CORP.,<br><br>Defendants. | **CASE NO.: CV10-05945-PSG-MANx**<br><br>**JUDGE:** Hon. Philip S. Gutierrez<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS THE COMPLAINT**<br><br>**DATE:** November 1, 2010<br>**TIME:** 1:30 p.m.<br>**DEPT:** "880"<br><br>**Action Filed:** August 10, 2010 |

///

///

///

1

REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

1154690.2

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant EMC Mortgage Corporation ("EMC" or "Defendant"), respectfully submits the following Reply to the Opposition to Motion to Dismiss the "Original Petition" (hereinafter referred to as "Complaint") of plaintiffs Sean & Tamika Bridgewater (collectively "Plaintiffs").

## I. SUMMARY OF ARGUMENT

Plaintiffs' one page Opposition wholly fails to cure or address the deficiencies in the Complaint. To the contrary, Plaintiffs merely aver that "this is a case about fraud committed against the Plaintiff, and not about how legitimate, or legal a foreclosure 'seems' in an inferior court." *See,* Opposition, pg. 2. Plaintiffs offer no factual or legal rebuttal to the fact that the Complaint entirely fails to state facts sufficient to state a cognizable claim against Defendant. Indeed, Plaintiffs' Complaint is merely riddled with a litany of recitations to case and statutory law—devoid of any specific facts to even support the contention that "fraud was committed against the Plaintiff[.]" For the reasons set forth below and in the moving papers, the motion to dismiss the claims against Defendants must be granted in its entirety without leave to amend.

## II. PLAINTIFFS FAILS TO SUBSTANTIVELY OPPOSE ANY OF THE CONTENTIONS RAISED IN THE MOTION TO DISMISS

As indicated above, Plaintiffs' one-page Opposition summarily contends that the instant motion should be stricken. However, completely absent from the Opposition is any legal basis for striking the instant motion or even denying the same. Plaintiffs fail to refute the following:

- No claim for breach of fiduciary duty can be stated since, as a matter of law, the relationship between a bank and a lender does not rise to the level of a fiduciary relationship. *See, Nymark v. Heart Federal Savings and Loan Assn.,* 231 Cal.App.3d 1089, 1096 (1991). Consequently, absent facts to establish a fiduciary duty between Plaintiffs and

Defendant, no claim for breach thereof can be stated.

- Similarly, no claim for negligence is stated since Defendant does not owe Plaintiffs a legal duty of care. *Id.* Moreover, a lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) (citations omitted).

- Plaintiffs' fraud claim is not only time-barred, but Plaintiffs fail to also satisfy the heightened pleading requirement.

- No claim for breach of the implied covenant of good faith and fair dealing can be stated since there is no contract alleged between EMC and Plaintiffs. As the recorded deeds of trust clearly indicate, EMC was not the originating lenders of the Loan. *See,* RJN, Exhibit 1.

- Plaintiff's claim for violation of TILA fail as asserted against EMC since EMC was neither the originating lender nor assignee thereof. Further, even assuming that EMC were subject to TILA, Plaintiffs' claims for either rescission or damages are time-barred since the subject loan was consummated in January of 2007—more than three years ago.

- Plaintiffs fail to state a claim for intentional infliction of emotional distress since Plaintiffs, yet again, fail to set forth any facts to establish that EMC engaged in extreme or outrageous conduct. To the contrary, as a matter of law, an assertion of legal rights in pursuit of one's own economic interests does not qualify as "outrageous" under this standard. *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883 (1989); *Kruse v. Bank of America*, 202 Cal.App.3d 38, 67(1988).

- Lastly, at minimum, Plaintiffs must provide a more definite statement pursuant to FRCP Rule 12(e). The Complaint does not identify the specific claims being asserted. Rather, the Complaint consists of a

purported historical analysis of the real estate industry and arguments with random references to RESPA, TILA, etc.

Based on the foregoing, and as fully set forth in the moving papers, all claims fail. Accordingly, they are subject to dismissal without leave to amend.

### III. CONCLUSION

For the foregoing reasons, JPMorgan respectfully requests that the Court grant the motion to dismiss without leave to amend as to all claims asserted against it.

DATED:  October 18, 2010         ADORNO YOSS ALVARADO & SMITH
                                 A Professional Corporation

                                 By: /s/ S. Christopher Yoo
                                     JOHN M. SORICH
                                     S. CHRISTOPHER YOO
                                     LASHON HARRIS
                                     Attorneys for Defendant
                                     EMC MORTGAGE CORPORATION

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE
*Sean Bridgewater et al v. EMC Mortgage Corp et al.,*
USDC Case No.: 2:10-cv-05945-PSG -MAN

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On OCTOBER 18, 2010, I served the foregoing document described as **REPLY TO OPPOSITION TO MOTION TO DISMISS THE COMPLAINT** on the interested parties in this action.

[x] by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

[ ] **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

[ ] **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

[ ] **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

[x] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 18, 2010, at Santa Ana, California.

*Cynthia Rosas*
Cynthia Rosas

PROOF OF SERVICE
1148586.1

## SERVICE LIST

*Sean Bridgewater et al v. EMC Mortgage Corp et al.,*
USDC Case No.: 2:10-cv-05945-PSG -MAN

| | |
|---|---|
| Sean Bridgewater<br>Tamika Bridgewater<br>3445 Countrywalk Court<br>Simi Valley, CA 93065 | T 805-581-2408<br><br>Plaintiffs in Pro Se |