O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#8/9

### CIVIL MINUTES - GENERAL

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Bridgewater v. EMC Mortgage Corp. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Defendant's Motion to Dismiss Plaintiffs' Complaint with Leave to Amend**

Pending before the Court is Defendant EMC Mortgage Corporation's Motion to Dismiss Plaintiffs' Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's motion.

I.     Background

On August 10, 2010, Sean and Tamika Bridgewater ("Plaintiffs") filed this action in *pro per* against Defendants EMC Mortgage Corporation and Cal-Western Reconveyance Corporation ("Defendants"). The action relates to a contract to refinance real property located in Simi Valley, California (the "Property"). *Compl.* ¶ 1. Plaintiffs obtained a $756,000 mortgage loan from Defendants (the "Loan") which was secured by a deed of trust encumbering the Property. *Mot.* 1:26-2:3. That deed of trust was recorded on January 10, 2007. *Id.* Defendants later foreclosed on the property and a notice of trustees' sale was recorded in July 2009. *Id.* at 2:14-16.

Plaintiffs allege violations of the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"), among other state claims including fraud, negligence, breach of fiduciary duty, and quiet title. On September 14, 2010, Defendant EMC Mortgage Corporation filed the pending Motion to Dismiss Plaintiffs' Complaint.

II.     Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Bridgewater v. EMC Mortgage Corp. *et al*. | | |

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III.    Discussion

Defendant moves to dismiss Plaintiffs' Complaint in its entirety for failure to state a plausible claim upon which relief can be granted. Each of Plaintiffs' federal and state claims will be discussed in turn.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Bridgewater v. EMC Mortgage Corp. *et al*. | | |

### A.   Truth in Lending Act Claim

The statute of limitations for a TILA damages claim is one year.  15 U.S.C. § 1640(e). The limitations period generally runs from the date of consummation of the transaction.  *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).  While equitable tolling is typically reserved for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *O'Donnell v. Vencor, Inc*., 465 F.3d 1063, 1068 (9th Cir. 2006) (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990)), the doctrine of equitable tolling may also be applied where a borrower did not have a reasonable opportunity to discover the fraud or nondisclosures that form the basis of a TILA action.  *King*, 784 F.2d at 915.

However, the equitable tolling doctrine can be applied only if a plaintiff, "despite all due diligence," was "unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  The test is whether "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Id.*  Further, a plaintiff must plead facts which would indicate an "excusable delay" in discovering the claim.  *Id.*; *see also Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements" (*citing King*, 784 F.2d at 915)).

Plaintiffs are correct that equitable tolling may be applied to TILA claims in certain circumstances.  *Compl*. 18:12-19:24.  However, the Complaint, as currently written, provides no facts to suggest equitable tolling would be appropriate here.  Plaintiffs' Loan was issued on or before January 10, 2007, more than <u>three years</u> before this action was filed.  Because there is no indication that Plaintiffs could not have known about the existence of a TILA claim until August of 2009 or later, or that Plaintiffs made any diligent efforts to discover a claim, the Court finds no basis on which to apply equitable tolling.  Thus, the Court GRANTS Defendant's motion to dismiss Plaintiffs' TILA claim with leave to amend.

### B.   RESPA Claims

Although the Complaint alleges violations of RESPA, it fails to identify any specific statute on which to base a RESPA claim.  RESPA only permits private causes of action under Sections 2605, 2607, and 2608.  12 U.S.C. § 2614.  The statute of limitations for RESPA claims

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8/9**

### CIVIL MINUTES - GENERAL

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Bridgewater v. EMC Mortgage Corp. *et al.* | | |

brought under Section 2605 is three years, and one year for claims brought under Sections 2607 and 2608. *Id.* Plaintiffs failed to plead any facts which would indicate a violation of any of those statutes. Instead, they simply allege that Defendant failed to disclose documents at the Loan's closing. *Compl.* 16:7-17.

Disclosure claims, however, are not subject to a private right of action under RESPA. *See Lingad v. IndyMac Federal Bank*, 682 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010) (*citing Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994) (finding that Congress did not intend to create a private right of action for violations of Section 2603)). Moreover, even if Plaintiffs had provided a factual basis to support violations of Sections 2605, 2607 or 2608, such claims would be time-barred as the events occurred more than three years from the date the Complaint was filed.

Plaintiffs again argue that equitable tolling should be applied to their RESPA claims. But as explained above, Plaintiffs have not alleged adequate facts for the Court to apply equitable tolling.

C.    Remaining State Law Claims

1.    Breach of Fiduciary Duty

Defendant alleges that Plaintiffs' claim for breach of fiduciary duty fails because a lender owes no fiduciary duty to a borrower under California law. To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. *Roberts v. Lomanto*, 112 Cal. App .4th 1553, 1562, 5 Cal. Rptr. 3d 866 (2003). "Absent special circumstances ... a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466, 51 Cal. Rptr. 3d 561 (2006). "A commercial lender is entitled to pursue its economic interest in a loan transaction. This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Gonzalez v. First Franklin Loan Services*, No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at *13 (E.D. Cal. Jan. 11, 2010). A lender, however, may be held vicariously liable for breach of fiduciary duty when a broker, who is an agent of the lender, breaches a fiduciary duty owed to the borrower. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|----------|----------------------|------|------------------|
| Title | Bridgewater v. EMC Mortgage Corp. *et al*. | | |

Plaintiffs offer no facts which would support a finding that Defendant owed a fiduciary duty to Plaintiff as a lender, or that Defendant may be vicariously liable through the actions of an agent. Instead Plaintiff merely proclaims that such a duty exists. *Compl.* 25:18-20. Because Plaintiff has not identified any special circumstances which would create a fiduciary relationship with defendant, and failed to identify any specific broker or other fiduciary through which Defendant may be held vicariously liable, Plaintiffs fail to state a plausible claim for breach of fiduciary duty.

      2.    <u>Negligence</u>

Plaintiffs allege that Defendant breached "their duty to properly perform due diligence as to the loans and transactional issues" and "to provide proper disclosures concerning the terms and conditions of the loan they marketed, to refrain from marketing loans they knew or should have known that borrowers could not afford or maintain, and to avoid paying undue compensation such as 'yield spread premiums' to mortgage agents and loan officers." *Compl.* 26:4-13. In moving to dismiss Plaintiffs' negligence cause of action, Defendant argues that Plaintiffs cannot state a claim for negligence because Defendant did not owe Plaintiffs a duty of care. *Mot.* 3:19-4:25.

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, ... he or she breached that duty, and ... the breach was the proximate or legal cause of the [plaintiff's] resulting injury." *Vasquez v. Residential Invs., Inc*., 118 Cal. App. 4th 269, 278, 12 Cal. Rptr. 3d 846 (2004). "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another .... Whether this essential prerequisite has been satisfied in a particular case is a question of law." *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (applying California law) (quotations and citations omitted).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances ...." *Resolution Trust Corp. v. BVS Development, Inc*., 42 F.3d 1206, 1214 (9th Cir. 1994) (*citing Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991)). "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark* 231 Cal. App. 3d at 1096. This rule also applies to loan servicers. *Azzini v. Countrywide Home Loans*, No. 09-cv-787 DMS (CAB), 2009 WL 5218042, at *2 (S.D. Cal. Dec. 29, 2009). However, a lender may be held vicariously liable for negligence "when the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9

### CIVIL MINUTES - GENERAL

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|----------|---------------------|------|------------------|
| Title | Bridgewater v. EMC Mortgage Corp. *et al.* | | |

lender actively participates in the negotiations of a loan, including through a broker as the lender's agent." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 710 (N.D. Cal. 2009) (citations omitted); *see also Wong v. Am. Servicing Co.*, No. 2:09-cv-01506, 2009 WL 5113516 FCD/DAD, at *6 (E.D. Cal. Dec. 18, 2009) ("A lender may also be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, if there is an agency relationship between the lender and the broker.")

Plaintiffs' negligence cause of action fails for essentially the same reason as did their claim of breach of fiduciary duty. Nothing in the Complaint suggests that Defendant was acting outside the scope of its conventional role as a lender or servicer. Therefore, Plaintiff has failed to plead facts which would indicate Defendant owed a duty of care and also failed to provide facts which would support a finding of vicarious liability. Accordingly, Plaintiffs' negligence claim is dismissed.

> 3.    Fraud

Defendant also contends that Plaintiffs' fraud claims should be dismissed because they are time-barred, and because Plaintiffs failed to plead sufficiently specific allegations to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *Mot.* 6:4-8:11. Under California law, a plaintiff has three years to bring a claim from the date that he or she has knowledge of facts that would make a reasonably prudent person suspicious of fraud. Cal. Code Civ. Pro. § 338(d). Plaintiffs allege fraud in the inducement of a loan which closed in January 2007. *Compl.* 27:5-8. Plaintiffs fail to plead any facts which indicate that they gained knowledge of Defendant's fraudulent conduct within the past three years. Thus, as Plaintiffs' claim is time-barred, it is therefore dismissed.[1]

> 4.    Breach of Implied Covenant of Good Faith

Defendant argues that Plaintiffs' claim for breach of implied covenant of good faith fails because Plaintiffs did not sufficiently allege the existence of a contract between the parties. *Mot. 8:14-9:28.* Even if the Court were to assume that the contract at issue is the mortgage note, however, "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.' " *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002)

---

[1] Because the Court finds that Plaintiffs' fraud claim is time-barred, it need not consider the adequacy of the pleading under Rule 9(b).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#8/9

### CIVIL MINUTES - GENERAL

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|----------|----------------------|------|------------------|
| Title | Bridgewater v.  EMC Mortgage Corp.  *et al.* | | |

(applying California law) (*citing Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730, 260 Cal. Rptr. 793 (1989)). "A central test of whether a lender is subject to this tort is whether there is a fiduciary relationship in which the financial dependence or personal security by the damaged party has been entrusted to the other." *Id.* (citations omitted).  Further, the implied covenant "does not require parties to negotiate in good faith prior to any agreement." *McClain*, 159 Cal. App. 4th at 799, 71 Cal. Rptr. 3d 885.

Plaintiffs' Complaint asserts that, in general, there is a special relationship between an agent and a borrower. *Compl.* 28:17-26.  Plaintiffs fail, however, to allege any connection between Defendants and the "agent" referred to in the Complaint.  Indeed, the Complaint defines the type of agent whose actions involve a fiduciary duty to a borrower as one who solicits lenders or acts as a negotiator on behalf of the borrower. *Id.*  No facts suggest that Defendants acted in either capacity, and even if such a relationship did exist between Plaintiff and Defendant, actions taken prior to the signing of a contract cannot form the basis of a claim for breach of the implied covenant of good faith and fair dealing. *Lingad*, 682 F. Supp. 2d at 1155.  Therefore, Plaintiffs cannot state a claim for this cause of action as well.

### 5.    Intentional Infliction of Emotional Distress

Lastly, Defendant argues that Plaintiffs' claim for intentional infliction of emotional distress should be dismissed for failure to plead the required elements.  In order to state a claim for intentional infliction of emotional distress, Plaintiffs must show: (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community;" (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress; (3) severe or extreme emotional distress; and (4) that the outrageous conduct proximately caused the emotional distress. *Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal. App. 3d 1458, 1468, 275 Cal. Rptr. 871 (1990).

Even construing the facts in a light most favorable to Plaintiffs, Plaintiffs have not identified any specific actions that could be considered so extreme and outrageous as would exceed all bounds tolerated in a civilized society. *Justo v. Indymac Bancorp*, 2010 WL 623715 (C.D. Cal. Feb. 19, 2010) (similar loan misrepresentations and failure to provide information are not extreme and outrageous); *Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mut., Inc.,* No. C 10-02842 WHA, 2010 WL 3769459 (N.D. Cal. Sept. 22, 2010) (misapplication of loan payments and failure to respond to requests for information is not sufficient to state a claim).  Rather, Plaintiffs merely allege that Defendant's actions were outrageous because they were driven by profit "at the expense of increasingly vulnerable and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8/9

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-5945 PSG (MANx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Bridgewater v. EMC Mortgage Corp. *et al*. | | |

highly leveraged consumers who placed their faith and trust in the superior knowledge and position of Defendants." *Compl*. 30:2-4. Such conclusory statements are insufficient to state a claim for intentional infliction of emotional distress.

IV.   Conclusion

        Because Plaintiffs have not adequately pleaded any claim, nor provided any facts which, if properly pleaded, could give rise to a cause of action, the Court GRANTS Defendant's motion to dismiss Plaintiffs' Complaint with leave to amend. Plaintiffs have up to and including November 30, 2010 to file a First Amended Complaint. Failure to file a First Amended Complaint by that date will result in the dismissal of the action with prejudice.

        **IT IS SO ORDERED.**