NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Sean Bridgewater
3445 Countrywalk Ct
Simi Valley, CA 93065
805-581-2408

2010 NOV 30 PM 2:30

FILED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Sean Bridgewater
Tamika Bridgewater

PLAINTIFF(S),

v.

EMC MORTGAGE CORPORATION
CAL-WESTERN RECONVEYANCE CORPORATION
MORTGAGE ELECTRONIC REGISTRATION SYSTEM DEFENDANT(S).

CASE NUMBER

CV10-05945-PSG (MANx)

## PROOF OF SERVICE - ACKNOWLEDGMENT
## OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On November 30, 2010, I served a true copy of Ammended Complaint & Motion for Joinder of Necessary Parties by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: See Attached Certificate of Service
Executed on November 30, 2010 at Los Angeles, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☑ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_Signature of Person Making Service_

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____              _____
_Signature_                                           _Party Served_

CV-40 (01/00)                    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

# CERTIFICATE OF SERVICE

State of California          )
                            )  sworn and subscribed
County of Los Angeles       )

NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

I, Sean R. Bridgewater a man, having first -hand knowledge of the facts stated herein, do attest under penalty of perjury, freely and willingly, that the following facts are true correct, complete to the best of my belief and understanding and are not meant to be misleading.

On Nov. 30, 2010, I, Sean R. Bridgewater did cause to be served via USPS Certified Mail the following Documents:

1. Amended Complaint

2. Motion for Joinder of Necessary Parties

3. Certificate of Service

4. Exhibits;

A. EMC MORTGAGE CORPORATION dated August 21, 2009

B. Notice of Right to Cancel

C. Notice Default and Election to Sell Under Deed of Trust

To the following named parties at the following addresses with corresponding Certified Mail and Express Mail numbers:

EMC MORTGAGE COPORATION
CT CORPORATION SYSTEM
350 N. SAINT PAUL ST SUITE 2900
DALLAS, TX 75201
USPS Certified Mail #70101670000043165779

CAL-WESTERN RECONVEYANCE CORPORATION
525 E. MAIN STREET
EL CAJON, CA 92020-4007
USPS Certified Mail #70101670000043165847

Plaintiff Amended Complaint- 12

1

MERS
PO BOX 2026
FLINT, MI 48501-2026
USPS Certified Mail #70101670000043165854

2

3

ADORNO YOSS ALVARADO & SMITH
1 MACARTHUR PLACE SUITE 200
SANTA ANA, CA 92707
USPS Certified Mail #70101670000043165861

4

5

6

7

Sean R. Bridgewater

8

Acknowledgment

9

State of California

10

County of Los Angeles

11

The foregoing instrument was acknowledged before me this 30th day of  November, 2010, by Sean R. Bridgewater

12

Seal

13

NOTARY PUBLIC   Print Name:   **H. Eftekhari - Notary Public**

14

My Commission Expires: 08/22/2011

15

16

H. EFTEKHARI
COMM. #1761535
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Aug. 22, 2011

17

18

19

20

21

22

23

24

25

Plaintiff Amended Complaint- 13

Sean Bridgewater
3445 Countrywalk Ct
Simi Valley, CA 93065
805-581-2408

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN R. BRIDGEWATER,<br>TAMIKA M. BRIDGWATER, Pro Se<br>**Plaintiffs,**<br><br>v.<br><br>EMC MORTGAGE CORPORATION,<br>CAL-WESTERN RECONVEYANCE CORPORATION,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM<br>(MERS)<br>**Defendants** | **Case #:  CV10-05945-PSG (MANx)**<br><br>**Judge: HON PHILIP S. GUTIERREZ**<br><br>**Action Filed: 11/30/2010** |

## AMENDED COMPLAINT

## INTRODUCTION

1. This Honorable court has noted that Plaintiffs' complaint regarding TILA violations was not plead in a manner that would allow equitable tolling to be applied.

2. Plaintiffs apologize to this Honorable Court and to opposing counsel for deficiencies and general lack of knowledge as Plaintiffs are untrained in law and without assistance of counsel and is making a best effort attempt at things far beyond their scope of understanding.

3. Plaintiffs have amended the complaint in three significant ways: a) Plaintiffs have gained some knowledge of formatting and changed this to better reflect the rules; b.) Plaintiffs have Amended the complaint to a more concise claim of Truth In Lending ( regulation z) Violations.

4. Plaintiffs now understand better that there are essential parties that need to be joined to this action and is also filing a Motion For Joinder of Necessary Parties).

NOW COMES Plaintiffs, SEAN R. BRIDGEWATER and TAMIKA M. BRIDGEWATER, Pro Se, for cause against the Defendants as follows:

## I. PARTIES

Plaintiffs, SEAN R. BRIDGEWATER and TAMIKA M. BRIDGEWATER, are the legal and equitable owners in possession of real property legally described

Lot 350 of Tract No. 5182-C2, in the City of Simi Valley, County of Ventura, State of California, as per Map recorded in book 152, pages 29 through 52, inclusive, of miscellaneous records (Maps), in the office of the County recorder and of said County.

Reserving there from, all oil, gas and mineral rights, together with appurtenant rights thereto, without, however, any right to enter upon the surface of said land nor any portion of the subsurface lying above a depth of five hundred (500) feet.  APN: 619-0-194-0

with a common address of: 3445 Countrywalk Court Simi Valley, California 93065 (subject property).

1. Defendant EMC MORTGAGE CORPORATION, to the best of Plaintiffs' knowledge and belief is organized under the laws of the state of California and is registered to do business in the state of California pursuant to the Secretary of State search completed by Plaintiffs.

2. Defendant MERS (Mortgage Registration Systems, Inc.) to the best of Plaintiffs' knowledge and belief is organized under the laws of the state of Delaware and is not registered to do business in the state of California pursuant to the Secretary of State search completed by Plaintiffs, but is and has done business in the state of California.

3. Defendant CAL-WESTERN RECONVEYANCE CORPORATION, to the best of Plaintiffs' knowledge and belief is organized under the laws of the state of California and is registered to do business in the state of California pursuant to the Secretary of State search completed by Plaintiffs.

## II. JURISDICTION AND VENUE

4. Jurisdiction and venue are proper because of the diversity of the parties and the claim is above the required amount [$75,000.00] pursuant to Federal Rules of Civil Procedure Rule 19.

### III. GENERAL ALLEGATIONS

### COUNT I

### DECLARATORY RELIEF

### BASED ON

### TILA/RESPA VIOLATIONS /RESCISSION ( Reg.Z)

5. TILA does not require Plaintiffs to notify Defendants of specific violations. Under the Federal Rules of Civil Procedures, it may be sufficient to plead that the TILA has been violated. (Fed.R. Civ. P. 8(a)). Specific violations do not necessarily have to be alleged with particularity, (Brown v. Mortgagestar, 194 F. Supp. 2d 473 (S.D. W. Va. 2002) (notice pleading is all that is required in TILA case); Herrara v. North & Kimball Group, Inc., 2002 WL 253019 (N.D. Ill. Feb.. 20, 2002) (notice pleading sufficient; response to motion to dismiss can supplement complaint by alleging facts re specific documents assigned); Staley v. Americorp. Credit Corp., 164 F. Supp. 2d 578 (D. Md. 2001) (John Henry Doe, Pro Se need not specify specific statute or regulations that entitle him to relief; court will examine complaint for relief on any possible legal theory); Hill v. GFC Loan Co., 2000 U.S. Dist. Lexis 4345 (N.D. Ill. Feb. 15, 2000).

6. Plaintiffs have made every attempt to ascertain who the real party in interest is, who holds the promissory note/asset/deed of trust in order to ascertain who has a legal rights.

7. Plaintiffs were unaware of the potential for concealed violations of any kind until news reports surfaced of deceptive practices of large financial institutions that were being discovered country wide.

8. Discovery that large financial institutions were blatantly breaking the law such as not giving proper disclosures, forging document, creating false documents for submission to the courts and falsifying

1  incomes and other information from applicants triggered Plaintiffs' need to investigate  to be sure that

2  Plaintiffs' were not a victim of such practices.

3

4  9. Since Plaintiffs had no reason to even suspect that government regulated financial institutions would

5  commit such acts and could not have discovered even the possibility of such concealed acts, the principal

6  of Equitable Tolling does apply to the three year period of rescission. The equitable tolling principles are

7  to be read into every federal statute of limitations unless Congress expressly provides to the contrary in

8  clear and unambiguous language, (See Rotella v. Wood, 528 U.S. 549,560-61, 120 S. Ct. 1075, 145 L.

9  Ed. 2d 1047 (2000)). Since TILA does not evidence a contrary Congressional intent, its statute of

10  limitations must be read to be subject to equitable tolling, particularly since the act is to be construed

11  liberally in favor of consumers. The Ninth Circuit has explained that the doctrine of equitable tolling

12  "focuses on excusable delay by the Petitioner," and inquires whether "a reasonable Petitioner would ...

13  have known of the existence of a possible claim within the limitations period." *Johnson v. Henderson,*

14  *314 F.3d, (9th Cir.2002), Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir.2000).* Equitable

15  tolling focuses on the reasonableness of the Petitioner's delay and does not depend on any wrongful

16  conduct by the Defendants. Santa Maria. at 1178.

17

18  10. Upon learning of the potential for various TILA violations the Plaintiffs sent Qualified Written

19  Request, Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt (per

20  FDCPA) and Dispute of Debt & Validation of Debt Letter  on or about August 7, 2009 along with a

21  Notice of Right to Cancel.   The originals were sent to the Defendants but copies were not made and kept

22  by Plaintiffs.  However, EMC MORTGAGE Corporation gave a deficient response and indicated that

23  they would be proceeding with the foreclosure sale (see EXHIBIT A). The Documents mailed to

24  Defendants all contain the Notice "NOTICE TO AGENT IS NOTICE TO PRINCIPAL"conspicuously.

25

11. Response to the Qualified Written Request is required to be acknowledged with 20 days of receipt and concerns are to be addressed within 60 days of receipt pursuant to Real Estate Settlement and Procedures Act (RESPA section 6).

12. Acknowledgement was received for QWR. However, the response was deficient, which is a violation.

13. A Notice of Right To Cancel was also sent to Defendants by Plaintiffs on or about April 10, 2010 (see EXHIBIT B).

14. Notice Of Right To Cancel requires that Defendants; a.) cancel all security interest in the subject property, b.) return all money given to anyone even third parties c.) file for Declaratory Judgment in the appropriate court if the Defendant disagrees with the rescission within 20 days of receipt of the Notice of Right To Cancel. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2).

15. Defendant(s) have not complied with U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2)

16. After the creditor has complied with the preceding mandate [#14], the consumer may tender back to the creditor any money or property received or if the later is not practical, tender the value thereof. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(3), 226.23(d)(3).

17. The Congress of the United States intended to make rescission remedy available in all instances where prohibited conduct occurs in the course of the credit transaction. Rescission is applicable in this case because the principal dwelling in question is a refinance Reg. Z. § 226.2(a)(11).

18. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void upon mailing of the Notice of Right To Cancel. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.). Also, the security interest is _void and of no legal effect irrespective *of whether the*_

1  *creditor makes any affirmative response to the notice*. Also, strict construction of Regulation Z would

2  dictate that the voiding be considered absolute and not subject to judicial modification. This requires any

3  and all of the Defendants who are claiming interest to submit canceling documents creating the security

4  interest and filing release or termination statements in the public record. (Official Staff Commentary §§

5  226.15(d)(2)-3, 226.23(d)(2)-3.) The statute and Regulation Z make it clear that if Plaintiff has the

6  extended right and chooses to exercise it, the security interest and obligation to pay charges are

7  automatically voided. (Cf. Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704-05 (9th

8  Cir.1986) (courts do not have equitable discretion to alter substantive provisions of TILA, so cases on

9  equitable modification are irrelevant). The statute, section 1635(b) states: "When an obligor exercises his

10  right to cancel..., any security interest given by the obligor... becomes void upon such rescission". Also,

11  it is clear from the statutory language that the court's modification authority extends only to the

12  procedures specified by section 1625(b). The voiding of the security interest is not a procedure, in the

13  sense of a step to be followed or an action to be taken. Neither case law nor statute gives courts equitable

14  discretion to alter TILA's substantive provisions. Since the rescission process was intended to be self-

15  enforcing, failure to comply with the rescission obligations subjects the Defendants to potential liability.

16

17  19. Non-compliance is a violation of the act which gives rise to a claim for actual and statutory damages

18  under 15 USC 1640. TILA rescission does not only cancel a security interest in the property but it also

19  cancels any liability for the Plaintiffs to pay finance and other charges, including accrued interest, points,

20  broker fees, closing costs and that the lender must refund to Plaintiffs, all finance charges and fees paid.

21  Since Defendants did not respond or responded deficiently, they are in default, thus Plaintiffs, have the

22  option of enforcing the rescission right in the federal, bankruptcy or state court (See S. Rep. No. 368, 96th

23  Cong. 2 Sess. 28 at 32 reprinted in 1980 U.S.C.A.N. 236, 268 ("The bill also makes explicit that a

24  consumer may institute suit under section 130 [15 U.S.C., 1640] to enforce the right of rescission and

25  recover costs and attorney fees"). TILA rescission does not only cancel a security interest in the property

but it also cancels any liability for Plaintiffs to pay finance and other charges, including accrued interest,

points, broker fees, closing costs and the lender must refund to Plaintiffs, all finance charges and fees paid. Thus, Defendant(s) are obligated to return those charges to Plaintiffs, (Pulphus v. Sullivan, 2003 WL 1964333, at *17 (N.D.Apr. 28, 2003) (citing lender's duty to return consumer's money as reason for allowing rescission of refinanced loan); McIntosh v. Irwing Union Bank & Trust Co., 215 F.R.D. 26 (D. Mass. 2003) (citing borrower's right to be reimbursed for prepayment penalty as reason for allowing rescission of paid-off loan).

20. Except where Congress has explicitly relieved lenders of liability for noncompliance, TILA is a **strict liability statute**. (Truth-In-Lending, 5th Edition, National Consumer Law Center, 1.4.2.3.2, page 11).

21. The process starts with the consumer's notice to the creditor that he or she is rescinding the transaction. As the bare bones nature of the FRB model notice demonstrates, it is not necessary to explain why the consumer is canceling. The FRB Model Notice simply says: "I WISH TO CANCEL," followed by a signature and date line (Arnold v. W.D.L. Invs., Inc., 703 F.2d 848, 850 (5th cir. 1983) (clear intention of TILA and Reg. Z is to make sure that the creditor gets notice of the consumer's intention to rescind)). The statute and Regulation Z states that if creditor disputes the consumer's right to rescind, it is mandated to: a.) file a declaratory judgment action within the twenty days after receiving the rescission notice, before its deadline to return the consumer's money or property and b.) record the termination of its security interest (15 USC 1625(b)). Once the lender receives the notice, the statute and Regulation Z mandate 3 steps to be followed. First, by operation of law, the security interest and promissory note automatically becomes void and the consumer is relieved of any obligation to pay any finance or other charges (15 USC 1635(b); Reg. Z-226.15(d)(1),226.23(d)(1). See Official Staff Commentary § 226.23(d)(2)-1. (See Willis v. Friedman, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2,2002) (Once the right to rescind is exercised, the security interest in the Plaintiff's property becomes void ab initio). Thus, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. (See Family Financial Services v.Spencer, 677 A.2d 479 (Conn. App. 1996) (all that is required is notification of the intent to rescind, and the agreement is automatically

rescinded). It is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1635(b). Modification of procedure does not authorize a court to disregard or deny rescission that is automatic as a matter of law. The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. The statute makes no distinction between the right to rescind in 3-day or extended as neither cases nor statute give courts equitable discretion to alter TILA's substantive provisions.

22. Second, since Plaintiffs have legally rescinded the loan transaction [the mortgage/ deed of trust], the Defendants [alleged holders] must return any money, including that which may have been passed on to a third party, such as a broker or an appraiser and to take any action necessary to reflect the termination of the security interest within 20 calendar days of receiving the rescission notice which has expired. The creditor's other tasks are to take any necessary or appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within 20 days of the creditor's receipt of the rescission notice   (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2) and to file for Declaratory Judgment if they disagree with the rescission.

23. Plaintiffs are prepared, ready, willing and able to discuss a tender offer, should it arise, and satisfactory ways in which to meet the obligation. The termination of the security interest and return of funds is required before tendering. Steps 1 and 2 have to be respected by Defendants as it is yet to be determined if any hold a bone fide interest that entitles them to same.

RELIEF

WHEREFORE, for the reasons set forth in paragraphs 1 through 23, inclusive, the Plaintiffs;

1.) Seek Declaratory Judgment that any claims/security interest/the Defendants and each of them purports to hold, real or implied is void/extinguished as a result of violations in TILA/RESPA/REG Z and rescission is therefore enforced.

Plaintiff Amended Complaint- 8

# COUNT II

## QUIET TITLE

24. Plaintiffs re-allege the allegations in paragraphs 1 through 23 above, inclusive.

25. The consumer must send a written notice to the creditor to trigger the rescission process. When the notice of rescission has been mailed, the notice is considered given. Reg. Z. §§ 226.15(a)(2), 226.23(a)(2). When the consumer rescinds, the security interest automatically becomes void. The consumer is relieved of any obligation to pay any finance charge or any other charge. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(1), 226.23(d)(1). Rescission voids the mortgage and is a complete defense to foreclosure. Yslas v. K.K. Guenther Builders, Inc., 342 So.2d 859 (Fla.2d D.C.A. 1977). See Beach v. Great Western Bank, 670 So.2d 986 (Fla. 4th D.C.A. 1996). The creditor has twenty days from receipt of the consumer's rescission notice to return any money or property given to anyone and to take appropriate and necessary action to reflect the termination of the security interest. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2). After the creditor has complied with the preceding mandate, the consumer tenders back to the creditor any money or property received. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(3), 226.23(d)(3).

26. When the creditor's interest is made void by the above mandate, that voiding is absolute. That notwithstanding, it appears to be the industry standard to ignore the consumer's Notice and proceed to sale with properties that creditors no longer hold an interest in. Plaintiffs' review of cases listed on Pacer as well as reading of articles written by consumer advocates and attorneys indicates that large numbers of creditors are ignoring the law which amounts to stealing homes. The preponderance of evidence in the media alone that creditors in general are not complying with the law offers no reasonable assurance to Plaintiffs that Defendant will comply accordingly. Defendants have failed or refused to comply with Federal Law as if they are somehow above the law and allowed to ignore the consumer Plaintiff and proceed as they wish.

27. Plaintiffs have no choice but to anticipate that Defendants intend to sell the Plaintiffs' property at a foreclosure sale despite the lack of a legal interest in same, leaving Plaintiff irreparably damaged.

28. The intent of the Federal Reserve Board was for the law to be self enforcing, yet reliance on self enforcement could be to the detriment of Plaintiffs and their family. Though Plaintiffs are ready willing and able to discuss tender, provided the Defendants comply with federal mandate, Plaintiffs are compelled to make every attempt to protect their rights and their family from harm. Defendants void interest cannot be ignored even though Plaintiffs are untrained in law and without assistance of counsel and may not have the ability plead artfully or skillfully.

29. It is Plaintiffs' belief and understanding that the United States Of America is a Nation of Laws and Not of Men. If that is, in fact, true the law must be respected and not disregarded by those of greater stature than others.

RELIEF

WHEREFORE, For the reasons set forth in paragraphs 1 through 29, inclusive Plaintiffs;

1.) Seek a declaration that the title to the subject property is vested in Plaintiffs alone and that Defendants herein and each of them, be declared to have no estate, right, title or interest in the subject property and that said Defendants each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintifs herein.

2.) Seeks an order compelling said Defendants and each of them to transfer legal title of the subject property to Plaintiffs herein

3.) Any such other relief the court may deem proper.

1   I, SEAN R. BRIDGEWATER, do affirm under penalty of perjury that the aforestated is

2   true, correct and not meant to be misleading.

3

    Respectfully Submitted,

4   

5

    SEAN R. BRIDGEWATER

6

7

8                                    ACKNOWLEDGEMENT

9   State of California  )
                         )ss
10  County of Los Angeles)

    On this 30th Day of November 2010, The above signed, Sean R. Bridgewater, the living
11  flesh and blood man, did appear before me, a notary public, in and for the state, who
    ~~personally known by me~~ or upon proper oath and identification, affirm his signature
12  and the contents herein to be true, correct, complete, to the best of his knowledge
    and or belief and not meant to be misleading.

13

14

15          H. EFTEKHARI
            COMM. #1761535
16      NOTARY PUBLIC - CALIFORNIA
           LOS ANGELES COUNTY
         My Comm. Expires Aug. 22, 2011

17

18

19

20

21

22

23

24

25

**EMC**
*Mortgage Corporation*

August 21, 2009

Sean Bridgewater
Tamika Bridgewater
3445 Countrywalk Court
Simi Valley, CA 93065

RE: EMC Loan Number:   0018163147

Dear Mr. and Mrs. Bridgewater:

EMC Mortgage Corporation (EMC) is dedicated to providing the highest level of customer service. Your concerns are very important to us, and we appreciate the opportunity to provide you with the following information.

Thank you for the correspondence regarding the request to rescind this account. Since no specific Truth in Lending violations have been provided that constitute a right to rescind under the Truth in Lending Act, EMC declines your request to rescind the above-referenced loan. EMC will continue to service the loan as stipulated in the original loan documents. On August 6, 2009 EMC sent you copies of the loan documents and disclosures provided to you at closing.

A foreclosure sale is scheduled for this property for August 28, 2009. If you have questions regarding the foreclosure proceedings, please contact Cal-Western Reconveyance at 619-590-9200. Should you be interested in pursuing loss mitigation options, please immediately contact our Loss Mitigation Department at 888-577-4011 . If you have further questions regarding this letter, please contact me directly at 1-800-695-7695, extension 2507, Monday through Friday between the hours of 7:30 a.m. and 4:30 p.m. Central Time.

Sincerely,

Tracey Messerly
Executive Research Specialist
EMC Mortgage Corporation

**RECORDING REQUESTED BY:**
Tamika M. Bridgewater
Sean Bridgewater
In care of 3445 Countrywalk Ct.
Simi Valley, California near 93065

When Recorded Mail Document To:
Tamika M. Bridgewater
Sean Bridgewater
In care of 3445 Countrywalk Ct.
Simi Valley, California near 93065

## NOTICE OF RIGHT TO CANCEL
### Notice to Agent is Notice to Principal
### Notice to Principal is Notice to Agent

**Parties:** SEAN BRIDGEWATER AND TAMIKA M. BRIDGEWATER/Alleged Borrowers
(hereinafter **"Borrowers")** and REALTY MORTGAGE, LLC its successors and assigns
/Alleged Lender (hereinafter **"Lender").**

**ATTENTION:** All above named Respondents

This communication will serve as our **NOTICE of RIGHT to CANCEL** dated April 4,
2010, Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq; 12 C.F.R part 226 allows three
(3) days to review Disclosure Documents. The referenced 'Three Day Right to Cancel' must
have a trigger to being. That trigger, is when the Lender has provided the Borrowers with **ALL**
of the required Disclosures under TILA and that the same are true, complete, accurate and timely
provided.

Being as the entire purported loan/mortgage process and Deed of Trust referenced herein and
throughout was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and
fraudulent misrepresentation, the borrowers have other recourse, right and cause of action under
numerous state and federal statutes. Acts of fraud taint/void everything it touches as the United
State Supreme Court has declared in United States v. Throckmorton, 98 U.S. 61 (1878) that:
*"There is no question of the general doctrine that fraud vitiates the most solemn contracts,
documents and even judgments."*

To this date, Lender has NEVER provided Borrowers with true, complete, accurate or timely
documents as required. Only after such provisions have been done, can the 'three (3) day Right
to Cancel' Period begin. If the required full Disclosures have not been provided, then the period
in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose.

A close perusal and audit of Borrowers' mortgage/loan documents has revealed certain
Disclosure Violation; and, that the Borrowers have the remedial right and remedy under (UCC 1-
201(32)(34)), inter alia, to invoke their Right of Rescission ("ROR") as further evidenced by the

2

original NOTICE OF RIGHT TO CANCEL.  You will also please find Borrowers' signed and dated NOTICE to the Lender(s), Successors(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package.  If such Notice was not provided, this written Notice of Communication is Provided In lieu thereof.

After sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrowers' property within twenty (20) days.  The Lender must also return any money, interest, fee, and/or property to Borrowers, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrowers may retain the proceeds of the transaction.  If it should be 'impractical' or 'unfair' for the Borrowers to return the property when gross discrepancies, fraud, or other wrongful acts are discovered; then, they may offer its "Reasonable Value".

In the event the Lender should fail or refuse to take possession of the property or return the borrowers' money offer within twenty (20)days, Borrowers may then regain and acquire all rights to a clear title and reconveyance under Federal Law and Provisions of TILA.

Additionally, Borrowers have the right to offer Lender a Reasonable Value; however, the penalty that a bank can face for violations TILA, State and Federal law(s) can be as much as triple damages.  For example, triple the amount of the interest the bank stood to fraudulently make the following offer: Borrowers will forgive REALTY MORTGAGE, LLC its successor, assigns, transferee any liability incurred by its wrongful actions, provided REALTY MORTGAGE, LLC its successor, assigns, transferee rightfully forgive Borrowers the full amount of mortgage/credit REALTY MORTGAGE, LLC its successors successor, assigns, transferee fraudulently allege to have given.  In addition, Borrowers demand that REALTY MORTGAGE, LLC its successor, assigns, transferee also immediately remove all and any negative comments on Borrowers' credit report attributed to this transaction.

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed and accepted pursuant to the terms and conditions as set forth herein.

Respectfully,

_____   4.5.2010
TAMEKA M. BRIDGEWATER

_____   4.5,2010
SEAN BRIDGEWATER

3

# ASSERVATION OF MAILING

I, Sean Bridgewater do hereby solemnly declare and affirm by my signature below, that on April 5, 2010, I did cause to be delivered by Federal Express, UPS or other private currier and or First Class US Mail, a true and correct copy of the following documents:  Copy of Notice of Right to Cancel; Copy of Notice of Revocation of Power of Attorney & Revocation of Signature Affidavit;  Copy of Affidavit of SEAN BRIDGEWATER AND TAMIKA M. BRIDGEWATER, and Copy of Addendum to the parties and location listed below:

Date: 4/5/2010

**REALTY MORTGAGE, LLC**
**2505 N. HIGHWAY 360**
**GRAND PRAIRIE, TX 75050**

**EMC MORTGAGE CORPORATION**
**2780 LAKE VISTA DRIVE**
**LEWISVILLE, TX 75067-3884**

**CAL -WESTERN RECONVEYANCE COPORATION**
**525 EAST MAIN STREET**
**EL CAJON, CA 92020**

**MERS**
**PO BOX 2026**
**FLINT, MI 48501-2026**

Sean Bridgewater
3445 Countrywalk Ct
Simi Valley, CA 93065
805-581-2408

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

SEAN R BRIDGEWATER
TAMIKA M. BRIDGEWATER, Pro Se
**Plaintiffs,**

v.

EMC MORTGAGE CORPORATION,
CAL-WESTERN RECONVEYANCE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM
(MERS)
**Defendants**

**Case #:  CV10-05945-PSG (MANx)**

**Judge: HON. PHILIP S. GUTIERREZ**

**Action Filed: 11/30/2010**

### MOTION FOR JOINDER OF NECESSARY PARTIES

NOW COMES SEAN R. BRIDGEWATER and TAMIKA M. BRIDGEWATER, Pro Se Plaintiffs to seek Joinder of

Necessary Parties.

### I. INTRODUCTION

1. Plaintiffs seek joinder of necessary parties named herein as; MORTGAGE ELECTRONIC REGISTRATION SYSTEM

(MERS)  pursuant to California Rules of Civil Procedure, Section 379

2. The Notice of Default and Election to Sell Under Deed of Trust shows MERS as the beneficiary (see EXHIBIT C).

### II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this esteemed Court grant Plaintiffs' Motion for Joinder

of Necessary Parties.

Respectfully submitted,

SEAN R. BRIDGEWATER

1

*[signature]*

2    SEAN R. BRIDGEWATER

3                                ACKNOWLEDGEMENT

4
     State of California  )
5                         ) ss
     County of Los Angeles)

6    On this 30th Day of November 2010, The above signed, Sean R. Bridgewater, the living
     flesh and blood man, did appear before me, a notary public, in and for the state, who
7    personally known by me or upon proper oath and identification, affirm his signature
     and the contents herein to be true, correct, complete, to the best of his knowledge
8    and or belief and not meant to be misleading.

9    _____ *[signature]*

10

11        H. EFTEKHARI
          COMM. #1761535
11     NOTARY PUBLIC - CALIFORNIA
          LOS ANGELES COUNTY
12      My Comm. Expires Aug. 22, 2011

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN:

CAL-WESTERN RECONVEYANCE CORPORATION is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated December 27, 2006 executed by

SEAN BRIDGEWATER AND TAMIKA BRIDGEWATER HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP as trustor, to secure certain obligations in favor of

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
    as beneficiary

recorded as document 00006982-0 on January 10, 2007 in book 20070110 page XX official records in the office of County Recorder
of VENTURA County, California, describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

said obligations including a promissory note for the principal sum of $756,000.00
that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due September 1, 2008 of principal, interest and impounds and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code ? 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.

T.S. 1208348-02
Dated:        April 23, 2009            CAL-WESTERN RECONVEYANCE CORPORATION


                            Signature By _____