JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
TUYET T. TRAN (CA Bar No. 245699)
ttran@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
EMC MORTGAGE CORPORATION
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
erroneously sued as MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN R. BRIDGEMATER, TAMIKA M. BRIDGEWATER, Pro Se<br><br>Plaintiffs,<br><br>v.<br><br>EMC MORTGAGE CORPORATION, CAL-WESTERN RECONVEYANCE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS)<br><br>Defendants. | **CASE NO.: CV10-05945-PSG-MANx**<br><br>**JUDGE:** Hon. Philip S. Gutierrez<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:** February 7, 2011<br>**TIME:** 1:30 p.m.<br>**DEPT:** "880"<br><br>**Action Filed:** August 10, 2010 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 7, 2011 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom "880" of the above-entitled court,

---
1
MOTION TO DISMISS FIRST AMENDED COMPLAINT

located at Western Division, 255 E. Temple Street., Los Angeles, California, defendants EMC Mortgage Corporation ("EMC") and Mortgage Electronic Registration Systems, Inc., erroneously sued as Mortgage Electronic Registration System ("MERS" and collectively "Defendants"), will move the court to dismiss the "Amended Complaint" (hereinafter referred to as "First Amended Complaint" or "FAC") of plaintiffs Sean R. Bridgewater and Tamika M. Bridgewater (collectively "Plaintiffs") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) on the following grounds:

Specifically, Defendants will move the Court as follows:

1. Plaintiffs' first claim for "Declaratory Relief Based on TILA/RESPA Violations/Rescission (Reg.Z)" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiffs' second claim to "Quiet Title" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and the pleadings and papers filed.

<u>Counsel for Defendants met and conferred with Plaintiffs by written correspondence regarding the grounds for this Motion to Dismiss.  Thus, Defendants have satisfied the requirements of Local Rule 7-3</u>.  *See*, Local Rule 7-3.

DATED:  December 20, 2010        ALVARADOSMITH
                                 A Professional Corporation

                                 By:  /s/  S. Christoopher Yoo
                                      JOHN M. SORICH
                                      S. CHRISTOPHER YOO
                                      TUYET T. TRAN
                                      Attorneys for Defendants
                                      EMC MORTGAGE CORPORATION
                                      and MORTGAGE ELECTRONIC
                                      REGISTRATION SYSTEMS, INC.,
                                      erroneously sued as MORTGAGE
                                      ELECTRONIC REGISTRATION
                                      SYSTEM

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

# MEMORANDUM OF POINTS & AUTHORITIES

Defendants EMC Mortgage Corporation ("EMC") and Mortgage Electronic Registration Systems, Inc., erroneously sued as Mortgage Electronic Registration System ("MERS" and collectively "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the "Amended Complaint" (hereinafter referred to as "First Amended Complaint" or "FAC") of plaintiffs Sean R. Bridgewater and Tamika M. Bridgewater (collectively "Plaintiffs").

## I.  SUMMARY OF ARGUMENT

The FAC, like the initial complaint, is comprised of a litany of recitations to case and statutory law without any facts in support thereof.  Plaintiffs fail to state facts sufficient to constitute a cause of action for (1) declaratory relief based on violations of the Truth in Lending Act and Real Estate Settlement Procedures Act, or (2) quiet title.  Indeed, other than mere conclusory allegations, Plaintiffs have set forth absolutely no facts to support these claims.  Accordingly, as discussed herein, Plaintiffs' claims are subject to dismissal without leave to amend.

## II.  SUMMARY OF RELEVANT FACTS

- The real property that is the subject of this action is commonly known as 3445 Countrywalk Court, Simi Valley, California ("Subject Property").  *See,* FAC, 2:12.
- Plaintiffs obtained a mortgage loan in the principal sum of $756,000.00 from Realty Mortgage LLC ("Loan").  The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that recorded with Ventura County Official Records on or around January 10, 2007 as instrument number 20070110-00006982-0.  The DOT identifies Realty Mortgage, LLC as the lender, MERS as the beneficiary, and Plaintiffs as the borrowers.  *See,* Request for Judicial Notice ("RJN"), Exhibit 1.
- A Notice of Default ("NOD") was recorded in connection with the DOT on or around April 24, 2009 with the Ventura County Official Records as instrument number 20090424-00065183-0.  *See,* RJN, Exhibit 2.  The NOD indicates that as of April 23, 2009, the sum in arrears on the Loan was $36,287.06.  *Id.*
- A Substitution of Trustee ("Substitution") was recorded in connection with the DOT on or around June 17, 2009 with the Ventura County Official Records as instrument number 20090617-00100252-0.  *See,* RJN, Exhibit 3.  The Substitution indicates that Cal-Western Reconveyance Corporation was substituted as the new trustee under the DOT.  *Id.*

- A Notice of Trustee's Sale ("NOTS") was recorded in connection with the DOT on or around July 28, 2009 with the Ventura County Official Records as instrument number 20090728-00126294-0. *See,* RJN, Exhibit 4.

### III. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

### IV. PLAINTIFFS' CLAIM FOR "DECLARATORY RELIEF BASED ON TILA/RESPA VIOLATIONS/RESCISSION (REG.Z)" FAILS

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941). "Additionally, although

2
MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  "[t]he existence of another adequate remedy does not preclude a judgment for
2  declaratory relief in cases where it is appropriate"  (Fed. R. Civ. Proc. 57), "the
3  availability of other adequate remedies may make declaratory relief inappropriate[.]"
4  *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2,
5  2006)."  *Rincon v. Recontrust Co., et al.,* 2009 WL 2407396, *6.

6       For example, in *Rincon*, the plaintiff sought a judicial declaration as to the
7  validity of the loan transactions in light of alleged statutory violations of the Truth in
8  Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), *inter*
9  *alia*; and a declaration as to the right of ownership of the subject property.  *Id.*  The
10 court concluded that the plaintiff's claim for declaratory relief was subject to dismissal
11 concluding that "[t]he request for declaration regarding the validity of the loan
12 transactions is wholly dependent on the Court's findings on plaintiff's substantive
13 claims. Likewise, the right of ownership is contingent on the Court's substantive
14 findings under the other claims. In this instance, the Plaintiff's Complaint offers no
15 reasons to believe declaratory judgment will resolve any issues aside from those
16 already addressed by the substantive claims." *Id.*

17      Declaratory relief is only appropriate '(1) when the judgment will serve a useful
18 purpose in clarifying and settling the legal relations in issue, and (2) when it will
19 terminate and afford relief from the uncertainty, insecurity, and controversy giving
20 rise to the proceeding.' *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986).

21      California law is in accord.  The court can refuse to issue a judicial declaration
22 in a case in which a judicial determination or declaration is not necessary or proper.
23 In light of the above, an essential element of a cause of action for declaratory relief is
24 that the parties have "rights or duties" with respect to property and the existence of an
25 actual and present controversy must be pleaded specifically.  General statements about
26 controversy are useless. *Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940).  An actual
27 controversy involving justiciable questions relating to <u>the rights or obligations of a</u>
28 <u>party must exist</u>.  *See Tiburon v. Northwestern Pacific Railroad Co*., 4 Cal.App.3d

160, 170 (1970); *see also, Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937); *Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946).

There is no controversy between Plaintiffs and EMC or MERS, because for the reasons set forth below, Plaintiffs cannot state any claim against EMC or MERS.

Even assuming, *arguendo,* that a relationship between Plaintiffs and EMC or MERS existed that justifies a declaration of relating to the future conduct of the parties, Plaintiffs' declaratory relief claim is unnecessary, because Plaintiffs' declaratory relief claim is duplicative of the other claims in the FAC. Thus, the declaratory relief claim does nothing to afford Plaintiffs a new form of relief, and is merely a disingenuous attempt by Plaintiffs to determine the same issue raised in the other claims in the FAC.

### A. Plaintiffs' Truth In Lending Act Claim Fails

While Plaintiffs' claim for declaratory relief is based on the alleged violations of the Truth in Lending Act ("TILA"), Plaintiffs have no basis to assert a TILA claim.

#### 1. As A Matter of Law, Plaintiffs Cannot State A Claim Against Defendants Because They Are Not Liable Under TILA

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor. 15 U.S.C. §§ 1640, 1641. Servicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

In *Chow*, the plaintiff brought an action for TILA violations against various parties, including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and argued that because it was only the servicer of the mortgage loan, not the owner, it could not be liable as an assignee. The Court, agreed and held that GMAC could not be held liable as an assignee for the alleged TILA violations. *See also*, *Bills v. BNC Mortg*., Inc., 502 F.Supp.2d 773 (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed claim).

Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994).

Under TILA a "creditor" is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and
> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.  15 U.S.C. § 1602.

Here, EMC was not the originating lender of the Loan.  *See,* RJN, Exhibit 1.  Indeed, the DOT identifies Realty Mortgage, LLC as the originating lender.  *Id.*  Nor is there any indication that EMC is the assignee beneficiary of the Loan.  *See,* RJN, Exhibits 1-4; *see also,* FAC.  EMC is, at best, merely the loan servicer.  Thus, EMC is not the lender or assignee in connection with the Loan, and thus is not a proper party to a TILA action.  *See Chow, supra.*

### 2.      **Plaintiffs' Claim For TILA Damages Is Barred By The Statute Of Limitations**

Plaintiffs' damage claim under TILA is barred by the statute of limitations. Civil penalties under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within <u>one year from the date of the occurrence of the violation</u>." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.2d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because plaintiffs filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date

of the complained of violation. If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

Here, the Loan was consummated in January of 2007. *See*, RJN, Exhibit 1. Thus, any damage claim for violation of TILA on the basis of disclosure under the Loan expired in January of 2008. Nevertheless, Plaintiffs brought this action in August of 2010, over two years after the one-year statute of limitations had expired. Accordingly the claim is subject to dismissal without leave to amend.

### 3. **Plaintiffs Are Not Entitled To Rescission Because the Claim Is Time-Barred**

Likewise, to the extent that Plaintiffs seek to rescind the Loan, such claim is also time-barred. "Any claim for rescission must be brought within three years of consummation of the transaction or prior to the "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007). Here, Plaintiffs' right to rescind the Loan has expired because more than three years have lapsed since consumation of the subject loan transaction. The subject transaction occurred in January of 2007, but Plaintiffs brought this action in August of 2010, seven months after the 3-year statute of limitations had expired. *See*, RJN, Exhibit 1. Accordingly, any TILA claim that Plaintiff may have had is time-barred. 15 U.S.C. § 1635(f).

### 4. **No Facts To Establish Equitable Tolling Applies**

Plaintiffs fail to allege facts warranting equitable tolling. *See, King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)(limitations period in appropriate circumstances can be tolled until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).

Here, Plaintiffs allege no facts to implicate the doctrine of equitable tolling. Indeed, "[e]quitable tolling may be applied if a plaintiff was unable to obtain vital information regarding the existence of a claim despite due diligence." *Kay v. Wells*

*Fargo & Co.*, 247 F.R.D. 572, 577 ( N.D.Cal. 2007) (emphasis added); *see also, Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir.2003) [Plaintiffs were in full possession of all information relevant to the discovery of a TILA violation and civil damages claim on the day the loan papers were signed.]. The fact remains that Plaintiffs have failed to set forth specific facts to warrant the application of equitable tolling. Consequently, for the reasons discussed above, Plaintiffs' claim for TILA violations fails as it is time-barred. Accordingly, the claim is subject to dismissal without leave to amend.

### B. <u>Plaintiffs' Real Estate Settlement Procedures Act Claim Fails</u>

Plaintiffs' claim for declaratory relief is also based on the alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), which Plaintiffs provide no basis to assert.

Under the claim for violation of RESPA, Plaintiffs allege EMC provided deficient response to Plaintiffs' qualified written request ("QWR"). *See*, FAC, ¶¶ 10-12.

First, Plaintiffs fail to properly allege that they sent a QWR under RESPA. Section 2605(e)(1)(B) of RESPA states in relevant part: "For purposes of this subsection, a **qualified written request** shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) <u>includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower</u>." In this case, Plaintiffs fail to allege facts, rather than legal conclusions, that the purported QWR contains the above requirements under Section 2605(e)(1)(B). The FAC does not outline facts to show that the purported correspondence constitute a QWR under RESPA. *See*, FAC, ¶¶ 10-12.

Even if a QWR was sent to EMC and EMC failed to respond, an allegation that

EMC does not concede, alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006). The FAC contains no allegation that EMC's alleged failure to respond to the purported QWR caused any pecuniary loss to Plaintiffs. *See*, FAC, ¶¶ 10-12. Without the causal connection, no claim for violation of RESPA can be asserted. *Hutchinson*, 410 F.Supp.2d at 383. Given Plaintiffs' failure to make the necessary causal connection, this claim should be dismissed. *See, Singh v. Washington Mut. Bank*, 2009 WL 2588885, 5 (N.D.Cal.,2009); *Hutchinson v. Del. Sav. Bank*, FSB, 410 F.Supp.2d 374, 383 (D.N.J.2006) (holding plaintiff's "alleging a breach of RESPA duties alone does not state a claim under RESPA"; noting plaintiff must allege "that the breach resulted in actual damages").

Moreover, even assuming that Plaintiffs pled pecuniary loss, statutory damages under a RESPA claim are available only if a plaintiff pleads some pattern or practice of non-compliance with the duty to respond to borrower inquiries 12 U.S.C. § 2605(f)(1)(B). *Lal v. American Home Mortg. Servicing, Inc.*, 2009 WL 3126450, 3 (E.D.Cal.) (E.D.Cal., 2009). Here, given that Plaintiffs failed to properly allege that they sent a QWR under RESPA, Plaintiffs likewise failed to allege any facts supporting a theory that EMC made it a regular practice to ignore the provisions of RESPA. *See*, FAC, ¶¶ 10-12.

For the foregoing reasons, the declaratory claim based on violation of RESPA is subject to dismissal.

///

## V. PLAINTIFFS' CLAIM TO "QUIET TITLE" FAILS

In order to successfully allege a cause of action for quiet title, a complaint must be verified and allege: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. § 761.020.

Here, Plaintiffs fail to allege essential elements of this claim. Plaintiffs simply fail and cannot allege that Defendants claim any title to the Subject Property adverse to that of Plaintiffs. *See,* FAC, ¶¶ 24-29. Indeed, Plaintiffs hold title to the Subject Property. *See*, RJN, Exhibits 1-4. EMC is at best, merely the loan servicer under the DOT.

Finally, the remedy of quiet title "is cumulative and not exclusive of any other remedy, form or right of action, or proceeding provided by law for establishing or quieting title to property." Code Civ. Proc.§760.030(a).

Consequently, Plaintiffs' claim to quiet title as asserted against Defendants is fatally flawed, thus, must be dismissed without leave to amend.

///
///
///

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an order dismissing the FAC as to all claim asserted against Defendants without leave to amend.

DATED: December 20, 2010

ALVARADOSMITH
A Professional Corporation

By: /s/ S. Christoopher Yoo
    JOHN M. SORICH
    S. CHRISTOPHER YOO
    TUYET T. TRAN

Attorneys for Defendants
EMC MORTGAGE CORPORATION and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., erroneously sued as MORTGAGE ELECTRONIC REGISTRATION SYSTEM

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Sean Bridgewater et al v. EMC Mortgage Corp et al.,*
USDC Case No.: 2:10-cv-05945-PSG -MAN

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is ALVARADOSMITH, 1 MacArthur Place, Santa Ana, CA 92707.

On DECEMBER 20, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 20, 2010, at Santa Ana, California.

MICHELLE E AULT

PROOF OF SERVICE

1148586.1

# SERVICE LIST

*Sean Bridgewater et al v. EMC Mortgage Corp et al.*,
USDC Case No.: 2:10-cv-05945-PSG -MAN

| | |
|---|---|
| Sean Bridgewater | T 805-581-2408 |
| Tamika Bridgewater | |
| 3445 Countrywalk Court | Plaintiffs in Pro Se |
| Simi Valley, CA 93065 | |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1148586.1